```
                    FILED
                    ELECTRONIC
                    Nov 2 2004
                    CLARENCE MADDOX
                    CLERK U.S. DIST. CT.
                    S.D. OF FLA. - MIAMI
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, INC.,
a Delaware corporation,

      Plaintiff,

v.

STEVEN A. SILVERS,
a resident of Palm Beach County, Florida

      Defendant.
_____

CASE NO. 04-80954-CIV-HURLEY

Magistrate Judge James M. Hopkins

### DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO "EMERGENCY" MOTION FOR PRELIMINARY INJUNCTION AND TO INITIATE DISCOVERY

      Defendant, Steven A. Silvers ("Silvers") requests that he be allowed to conduct discovery related to the preliminary injunction requested by Plaintiff, and that the time for his response to Plaintiff's motion for preliminary injunction be extended to allow him to complete such discovery. As grounds therefore Silvers states as follows:

      Plaintiff served its "Emergency" Motion for Preliminary Injunction[1] on Silvers on October 25, 2004. A response is due on or before November 8, 2004. According to Plaintiff, Silvers has breached or might breach the parties' agreements, by which Silvers allows Plaintiff to use Silvers' GOOGLES family of trademarks and related intellectual property.

      The complaint and the preliminary injunction vaguely allege a litany of misbehavior by Silvers, as to which Silvers cannot respond without discovery. For example, Silvers is alleged to

---

[1] As reflected in Silvers' Motion to Strike filed with this motion, there is no "emergency". Plaintiff has not showed any urgency (or for that matter anything compelling) associated with its requested relief. Indeed, much of the conduct complained of is ancient history or related to matters such as whose address is listed with the USPTO as the correspondent, or whether Silvers is "entitled" to defend himself in an action in which he is a named defendant.

have obstructed Plaintiff's dealings with potential sub-licensees; yet, Silvers has sparse knowledge of potential sub-licenses because Plaintiff has refused to provide such information to Silvers. Silvers seeks discovery to identify the alleged sub-licensee candidates, and find out from <u>them</u> what he did to obstruct any transactions. In the same vein, Plaintiff claims Silvers has interfered with Plaintiff's use of the GOOGLES marks on the internet; yet Plaintiff has unfettered access to the GOOGLES website and directs all content on the site.[2] Silvers needs discovery to respond to this allegation.

The preliminary injunction is also premised on Plaintiff's "concern" that Silvers *might* talk to the press, or *might* communicate with future sub-licensees. Since such fears cannot support such drastic relief absent some objective basis, Silvers needs discovery to determine the basis of Plaintiff's concern. Silver also needs discovery - - because Plaintiff's pleadings are silent on the issue - - as to why he is not allowed to defend himself in a USTPO action in which he is a defendant, why he is not allowed to communicate with the plaintiff in that action and why he should be prohibited from (heaven forbid) resolving that dispute.

We believe the requested discovery, directed only to the allegations of the preliminary injunction motion, can be completed in 30 days. Specifically, Silvers seeks to:

- Depose Plaintiff's affiant, Steven Esrig;

- Identify and depose the potential sub-licensees Silvers has allegedly obstructed;

- Obtain evidence demonstrating Plaintiff's access to and use of the GOOGLES web site and related internet services;

- Obtain evidence demonstrating the dates of Silvers' alleged

---

[2] Silvers has not provided the <u>registration</u> passwords to Plaintiff because Plaintiff negligently failed to renew numerous registrations allowing third parties to claim them. These passwords, however, relate only to registration, and control over the "IP address" (i.e. the website server), and not the content of the site.

- misbehavior;

- Obtain evidence supporting Plaintiff's breach of the agreements, which excuses Silvers from performance;

- Silvers also seeks to explore in discovery the issue of subject matter jurisdiction. The contracts sued upon limit damages to far less than $75,000 and thus the requirements for diversity jurisdiction appear absent.

WHEREFORE, Silvers requests an extension until December 13, 2004, to respond to the preliminary injunction motion, and that he be allowed 30 days or up to November 29, 2004, to conduct discovery for that purpose prior to the time table set forth by the Federal Rules of Civil Procedure. A proposed order is attached hereto as Exhibit "A."

Respectfully submitted this 2nd day of November, 2004.

    s/ Gail A. McQuilkin
Gail M. McQuilkin  (FBN: 969338)
Kenneth R. Hartmann  (FBN: 664286)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
T: 305-372-1800 / F: 305-372-3508

===================================================================

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 2nd day of November, 2004, via facsimile and first class mail on the following:

Stanley A. Beiley
Sacher Zelman Van Sant Paul Beiley Hartman Rolnick & Waldman, PA
1401 Brickell Avenue, Suite 700, Miami, FL 33131
Fax: 305-374-2605

Laurence R. Hefter
Finnegan Henderson Farabow Garrett & Dunner, LLP
1300 I Street, NW, Washington, DC 20005
Fax: 202-408-4400

    s/ Gail A. McQuilkin

/245739.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, INC.,                              CASE NO. 04-80954-CIV-HURLEY

    Plaintiff,

vs.

STEVEN A. SILVERS,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION FOR
EXTENSION TO RESPOND TO PRELIMINARY
INJUNCTION MOTION AND INITIATE DISCOVERY**

THIS CAUSE came on to before the Court on Defendant, Steven Silvers' motion for extension to respond to Plaintiff's motion for preliminary injunction, and request to initiate discovery. Being fully advised, it is

ORDERED AND ADJUDGED that the motion is:

GRANTED. Defendant may take discovery directed to matters raised by the motion for preliminary injunction; such discovery shall be completed by November 29, 2004. Defendant shall file his response to the motion for preliminary injunction on or before December 13, 2004.

DONE AND ORDERED in chambers at West Palm Beach, Florida, on this ____ day of November, 2004.

                                                                             _____
                                                                             HONORABLE DANIEL T. K. HURLEY
                                                                             United States District Court Judge