FILED ELECTRONIC

Nov 2 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, INC.,
a Delaware corporation,

    Plaintiff,

v.

STEVEN A. SILVERS,
a resident of Palm Beach County, Florida

    Defendant.

_____

CASE NO. 04-80954-CIV-HURLEY

Magistrate Judge James M. Hopkins

### DEFENDANTS' MOTION TO STRIKE "EMERGENCY" LABEL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Steven A. Silvers moves this Court for entry of an order striking the "emergency" label of Plaintiff's Motion for Preliminary Injunction for Plaintiff's failure to explain the necessity of an expedited procedure. In support of this motion, Defendant states as follows:

1. On October 25, 2004, Plaintiff filed an "emergency" motion for preliminary injunction in which it seeks to enjoin Defendant from allegedly breaching Defendant's contractual obligations. Plaintiff, however, deemed its motion an "emergency" without explaining what the emergency is.

2. Local Rule 7.1(E) – which governs Emergency Motions – provides that:

> The Court may, upon written notice and *good cause shown*, waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure. The motion *shall set forth in detail the necessity for such expedited procedure*.

Plaintiff has not shown any "good cause" good cause for expedited treatment of its motion, and has failed to describe the "emergency" that requires expedited procedure. Instead, Plaintiff merely discusses the criteria it must demonstrate to obtain a preliminary injunction. In doing so,

1

Plaintiff seems to blur the requirements for a preliminary injunction and the requirements of an emergency motion under the Local Rules.

The United States Court of Appeals for the Eleventh Circuit holds that "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.[1]  *McDonald's Corp. v. Robertson,* 147 F.2d 1301, 1306 (11th Cir. 1998); see also *AutoNation, Inc. v. O'Brien,* No. 04-60767-CV, 2004 WL 2293943, at *2 (S.D. Fl. Oct. 6, 2004) ("a preliminary injunction is an extraordinary remedy which should only be granted if movant carries the burden of persuasion on its claims").  While Plaintiff has a high hurdle to overcome for preliminary injunctive relief, there is nothing inherent in the motion that automatically calls for it to be treated as an emergency motion under Local Rule 7.1(E).

3.   Without any detail of the "emergency" situation - as required by the local rules - Plaintiff's motion does not warrant expedited treatment by the Court.  Defendant should be allowed an opportunity to respond to Plaintiff's motion in the ordinary course or within such other time established by the Court.[2]   Accordingly, Defendant requests that this Court enter an offer striking the "emergency" label of Plaintiff's motion for preliminary injunction, and allowing this matter to procedure under the time frame contemplated by local rules.

Respectfully submitted this 2nd day of November, 2004.

---

[1] To obtain a preliminary injunction, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to Plaintiff outweighs the harm an injunction may cause the Defendant; and (4) that the injunction would not disserve the public interest.  See *Café 207, Inc. v. St. Johns County,* 989 F.2d 1136, 1137 (11th Cir. 1993).

[2] In a contemporaneous motion, Defendant is requesting additional time to respond to Plaintiff's motion, and for discovery.

          s/ Gail A. McQuilkin
         Gail M. McQuilkin  (FBN: 969338)
        Kenneth R. Hartmann  (FBN: 664286)
       KOZYAK TROPIN & THROCKMORTON, P.A.
        2525 Ponce de Leon, 9th Floor
         Coral Gables, Florida 33134
        T: 305-372-1800 / F: 305-372-3508

================================================================

### **CERTIFICATE OF SERVICE**

 **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 2nd day of November, 2004, via facsimile and first class mail on the following:

 Stanley A. Beiley
 Sacher Zelman Van Sant Paul Beiley Hartman Rolnick & Waldman, PA
 1401 Brickell Avenue, Suite 700, Miami, FL 33131
 Fax: 305-374-2605

 Laurence R. Hefter
 Finnegan Henderson Farabow Garrett & Dunner, LLP
 1300 I Street, NW, Washington, DC 20005
 Fax: 202-408-4400

           s/ Gail A. McQuilkin

/245731.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, INC.,
a Delaware corporation,

    Plaintiff,

v.

STEVEN A. SILVERS,
a resident of Palm Beach County, Florida

    Defendant.

CASE NO. 04-80954-CIV-HURLEY

Magistrate Judge James M. Hopkins

### ORDER GRANTING DEFENDANT'S MOTION TO STRIKE "EMERGENCY" LABEL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE came before the Court on Defendant's Motion to Strike the "Emergency" Label of Plaintiff's Motion for Preliminary Injunction. The Court, having reviewed the pleadings and being otherwise duly advised in the premises, has hereby,

ORDERED and ADJUDGED that the motion is **GRANTED**. The "Emergency" label of Plaintiff's Motion for Preliminary Injunction is hereby stricken. Defendant shall respond to the motion in the ordinary course or within a time frame established by the Court.

DONE AND ORDERED this _____ day of November, 2004.

_____
The Honorable Daniel T. Hurley
United States District Court Judge