Stelor Productions v. Silvers, et al
Case 9:04-cv-80954-DTKH    Document 9    Entered on FLSD Docket 11/05/2004    Page 1 of 47    D.C

Doc

FILED by _____ D.C
ELECTRONIC

**Nov 4 2004**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 04-80954-CIV-HURLEY/HOPKINS

STELOR PRODUCTIONS, INC.,                )
(a Delaware corporation),                )
                                         )
                    Plaintiff,           )
          v.                             )
                                         )
STEVEN A. SILVERS,                       )
(a resident of Palm Beach County, Florida)   )
                                         )
                    Defendant.           )
_____)

---

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO STRIKE "EMERGENCY" LABEL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, TO EXTEND TIME TO RESPOND, AND TO INITIATE DISCOVERY

Plaintiff Stelor Productions, Inc. ("Stelor") respectfully submits this Memorandum in Opposition to Defendant's Motion to Strike "Emergency" Label of Plaintiff's Motion for Preliminary Injunction ("Motion to Strike"), and in opposition to Defendant's Motion to Extend Time To Respond and To Initiate Discovery.

## I.    Defendant's Past and Threatened Breaches Pose an Emergency

As the sole basis for its Motion to strike the "Emergency" label, Defendant contends that Stelor has not established "good cause" for expedited treatment of this Motion and has failed to describe the emergency that requires expedited procedure. (Motion to Strike at p.1). Defendant's Motion is as misguided as it is factually and legally incorrect.

9/kb.
Dockets.Justia.co

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

As if operating with blinders, Defendant ignores not only Stelor's detailed and extensive Complaint that initiated this action, but also the extensive Memorandum of Law, Declaration and Exhibits that support Stelor's Emergency Motion for Preliminary Injunctive Relief. Not wishing to burden the Court by reiterating all the facts that compel and warrant immediate injunctive relief, we summarize Defendant's most egregious breaches of the Googles License Agreement which compel Stelor's request for immediate action:

1.    Defendant has diverted to himself official communications from the United States Patent and Trademark Office ("PTO") that should go directly and solely to Stelor's Intellectual Property counsel as is necessary to ensure correct and timely responses and imperative for Stelor to fulfill its duty to protect, defend and enforce the Googles Intellectual Property. (Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Preliminary Injunction ("Stelor Mem.") at 10).

2(a).    Defendant is attempting to interfere with and subvert Stelor's exclusive rights and relationship with its chosen counsel by purporting to fire Stelor's chosen Intellectual Property litigation counsel, and by attempting to interject himself in PTO proceedings, ignoring the fact that he willingly ceded to Stelor the sole right to handle those matters, and oblivious to the irreparable injury a "house divided" will wreak. (*Id.* at 11-13).

2(b).    Just hours ago, Stelor's counsel in proceedings against Google, Inc., received correspondence from Defendant's counsel Gail A. McQuilken "demand[ing] that you immediately dismiss this action against Google, and advise Google that this action was not authorized by Defendant." (Ex. A, e-mail from Gail A. McQuilken to Yano Rubinstein, Nov. 4, 2004). Conspicuously, Ms. McQuilken made the statement despite having full knowledge of the provisions of Stelor's License Agreement by which Defendant gave Stelor "**an irrevocable power of attorney . . . to act for and on Licensor's behalf and instead of Licensor . . . .**" (Ex. B, License Agreement, ¶ VIII), as well as giving Stelor "**the sole right, in [Stelor's]**

2

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

**discretion and at its expense, to take any and all actions against third persons to protect the Intellectual Property Rights licensed in this Agreement.**" (*Id.* at ¶ XI) (*emphasis added*).

3.    Defendant's stated desire to assume the mantle of Googles public spokesperson likewise imperils the integrity and viability of Stelor's business. (Mem. at 5). Any reporter with an Internet connection will quickly learn of Defendant's prior felony conviction for drug trafficking, thus unraveling the wholesome and ethical premise of the Googles concept and casting a radioactive cloud over Stelor's marketing efforts.

4.    Defendant continues to exert a stranglehold over the valuable and crucial Googles domain names, going so far as to hijack domain names from Stelor's account and then allowing several to lapse through his own neglect, while leveling audacious and baseless charges in kind against Stelor. Stelor cannot renew the lapsed domain names because Defendant continues to bar Stelor's access to his Internet account by not giving Stelor the necessary password. (*Id.* at 6; Exhibit C, Nov. 2, 2004 Memo from Dean DePue to Steven Esrig; Exhibit D, Printout from Go Daddy, Inc. WHOIS database showing expired status of certain Googles domain names).

5.    Defendant, through his counsel Gail A. McQuilken, has contacted Google, Inc. directly, revealing to Google, Inc. a schism between Defendant and Stelor that undermines Stelor's right and authority as the sole and exclusive defender of the Googles intellectual property. (Ex. E, Declaration of Laurence R. Hefter). Defendant's action not only directly violates his exclusive grant to Stelor, but could result in the destruction of the Googles Intellectual Property which provides the foundation for Stelor's business.

The first of these bases for emergency status (items 1, 2(a), and 3), and more, are laid out in Stelor's Complaint and Motion papers. After filing its motion, Stelor learned of even more abuses by Defendant (items 2(b), 4, and 5) further justifying Stelor's pressing need for injunctive relief and, of more immediate significance,

3

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

exposing the fallacy of Defendant's professed ignorance of wrongdoing. Indeed, Stelor finds it incredible that Defendant would inform this Court that Stelor has nothing to fear from Defendant, and then two days later would again defy the License Agreement by purporting to dismiss Stelor's attorney.[1]

Stelor cannot afford to have its business and investment compromised by Defendant carrying through with numerous and repeated threats to materially breach his contractual commitments in ways that could be detrimental to Stelor's efforts to develop the Googles concept into a wholesome and safe Internet environment for children and their parents.

## II.    The Motion To Initiate Discovery Should Be Denied

More egregious still is Defendant's insistence that he requires discovery from Stelor in order to respond to Stelor's Motion. This is an incredible assertion by a man who has inundated Stelor with correspondence over the course of the agreement, and has received numerous responses in person, over the phone, and in writing regarding the subjects of Stelor's present motion. Given Defendant's and Stelor's direct and intimate business relationship over the past many months, his attempt to portray himself as somehow clueless about the nature and merits of Stelor's charges is fatuous.

---

[1]    Defendant's suggestion that Stelor's request for emergency status is deficient comes as no surprise, given Defendant's long history of twisting and tailoring the facts to suit his personal aims and ambitions.

4

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

Defendant, moreover, even resorts to fabricating issues not raised in Stelor's motion. He seeks intrusive depositions of prospective Stelor licensees, when neither Stelor's Complaint nor Motion includes a claim that Defendant has driven licensees away or scuttled any deals. His professed need to depose prospective Stelor licensees appears animated by the same self-destructive impulses that drive him to persistently interfere with and impede Stelor's business in breach of his duty to lend Stelor his full cooperation. (Mem. at 3-4).

Similarly baseless is Defendant's claim that Stelor somehow is to blame for Defendant's intransigence. (*See* Defendant's Motion, p. 2, f.n. 2, falsely accusing Stelor of allowing domain names to lapse). Stelor had assiduously maintained all properly registered and necessary domain names, while Defendant has now permitted nine domain names to lapse after secretly transferring them from Stelor's Internet account to his own. (Exhibit A). As the Stelor employee who discovered Defendant's failure laments: "Unfortunately, there is little we can do as we do not have access to [Defendant's] account to renew these names."

At the appropriate time, Stelor will expose Defendant's charges as meritless. Defendant's attempt to deflect culpability by pointing the finger at Stelor is symptomatic of his fractious attitude and behavior that has at long last forced Stelor to seek judicial intervention. And his current motion is simply an attempt to delay judicial action that Defendant's own behavior has made imperative.

5

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

III.    **Defendant's Proposed Schedule Is Unreasonable**

Defendant's proposal to defer consideration of Stelor's motion for many weeks, and his request to initiate burdensome and needless discovery, should be rejected. The conspicuous absence in Defendant's Motion of any suggestion that he will voluntarily refrain from interfering with Stelor's business and rights under the Googles license agreement underscores the threat Defendant poses to Stelor's business, and reinforces the imperative that Stelor's Motion for Preliminary Injunctive Relief be resolved on an emergency basis. If Defendant sincerely believed that Stelor's Motion was unwarranted and unnecessary, he would readily consent to the entry of Stelor's proposed injunction, which was carefully crafted merely to hold Defendant to his contractual undertakings.

IV.    **Conclusion**

In short, the propriety of "emergency" status for Stelor's Motion is demonstrated by Defendant's failure to even suggest that he will abide by his contracts with Stelor and preserve the status quo during the pendency of Stelor's Motion. Stelor respectfully requests that Defendant be ordered to respond to Stelor's Emergency Motion by

6

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

November 8, 2004.  Stelor will in turn reply by November 15, 2004.  Stelor further requests a hearing at the Court's earliest convenience.

Dated:  *11/4/04*

Respectfully submitted,

Laurence R. Hefter
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, DC  20005-3315
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Stanley A. Beiley
Florida Bar No. 004848
Alan H. Rolnick
Florida Bar No. 715085
SACHER ZELMAN VAN SANT PAUL BEILEY,
HARTMAN, ROLNICK & WALDMAN P.A.
1401 Brickell Avenue, Suite 700
Miami, Florida  33131
Telephone:  (305) 371-8797
Facsimile:  (305) 374-2605

Attorneys for Plaintiff,
STELOR PRODUCTIONS, INC.

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing, PLAINTIFF'S OPPOSITION TO

DEFENDANT'S MOTIONS TO STRIKE "EMERGENCY" LABEL OF PLAINTIFF'S

MOTION FOR PRELIMINARY INJUNCTION, TO EXTEND TIME TO RESPOND, AND

TO INITIATE DISCOVERY, including Exhibits A - E, was served on the party, Steven A.

Silvers, through his attorney of record on this the 4th day of November, 2004 as

follows:

**VIA FEDERAL EXPRESS**

Gail M. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, P.A.
2800 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2335
Telephone: (305) 372.1800
Facsimile:   (305) 372.3508

By: _Christophe Bopit_

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTIONS TO STRIKE "EMERGENCY" LABEL OF
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION, TO EXTEND TIME TO RESPOND,
AND TO INITIATE DISCOVERY

# Exhibit A

**From:**        "Yano Rubinstein" <yano@sumrub.com>
**To:**          <sesrig@stelorproductions.com>
**Date:**        Thu, Nov 4, 2004 10:47 AM
**Subject:**     FW: Steven Silvers


-----Original Message-----
From: GAIL A MCQUILKIN [mailto:gam@kttlaw.com]
Sent: Wednesday, November 03, 2004 7:18 PM
To: yano@sumrub.com
Subject: Steven Silvers

Mr. Rubinstein -

    This firm represents Mr. Steven Silvers. We learned today that you
filed an action against Google, Inc. challenging the Google.com domain
name, and represented in that proceeding that you are counsel for Mr.
Silvers. Our client did not retain you, did not authorize this action,
and had no knowledge of this action until he received these documents
today.

    On behalf of Mr. Silvers we demand that you immediately dismiss this
action against Google, and advise Google that this action was not
authorized by Mr. Silvers. And, I suggest strongly that you call me in
response to my voice mail message as soon as possible to explain why you
filed this action without the knowledge or consent of our client.

Gail A. McQuilkin
Kozyak Tropin & Throckmorton

---

**CC:**          <larry.hefter@finnegan.com>

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTIONS TO STRIKE "EMERGENCY" LABEL OF
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION, TO EXTEND TIME TO RESPOND,
AND TO INITIATE DISCOVERY

# Exhibit B

# LICENSE, DISTRIBUTION
# AND MANUFACTURING AGREEMENT

This LICENSE, DISTRIBUTION AND MANUFACTURING AGREEMENT between Steven A. Silvers and Stelor Productions, Inc. is effective as of June 1, 2002 and is entered into by and between Steven A. Silvers (LICENSOR), an individual, whose official address is 3741 NE 163rd Street, PMB #325, North Miami Beach, FL 33160 and Stelor Productions, Inc. (LICENSEE), a Delaware corporation with its current offices located at: 14701 Mockingbird Drive, Darnestown, Maryland, 20874.

## WITNESSETH

WHEREAS, LICENSOR is the sole and exclusive owner of the GOOGLES characters identified more fully in "Schedule A" attached hereto (the "Licensed Property");

WHEREAS, LICENSOR is the sole and exclusive owner of the GOOGLES trademarks identified more fully in "Schedule A" attached hereto (the "Licensed Trademarks");

WHEREAS, LICENSOR has the power and authority to grant to LICENSEE the right, privilege and license to use, manufacture, distribute, and sell those types of products that incorporate or are otherwise based on the Licensed Property as identified in "Schedule A" attached hereto (the "Licensed Products") and to use the Licensed Trademarks on or in association with such Licensed Products;

WHEREAS, LICENSEE has or will have the ability to manufacture, have manufactured, have sub-manufactured, distribute and sell or have sold and distributed the Licensed Products in the Licensed Territory more clearly defined in Schedule A (the Territory) and to use the Trademark(s) on or in association with the Licensed Products;

WHEREAS, LICENSEE desires to obtain from LICENSOR an exclusive license to use, manufacture, have manufactured and sell Licensed Products in the Territory and to use the Licensed Trademarks on or in association with the Licensed Products;

WHEREAS, LICENSEE has agreed, pursuant to a letter agreement, to act as a consultant for LICENSOR; and

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, the parties, each intending to be legally bound hereby, do hereby agree as follows:

## 1. LICENSE GRANT

A.      LICENSOR hereby grants to LICENSEE, for the Term of this Agreement as recited in "Schedule A" attached hereto, the exclusive (even as to LICENSOR), worldwide, sub licensable right and license to use, reproduce, modify, create derivative works of, manufacture, have manufactured, market, advertise, sell, distribute, display, perform, and otherwise commercialize the Licensed Products and Licensed Properties in the Territory. The license includes a license under any and all intellectual property rights and interests therein, including by way of explanation, products which deal with the creative characters known as The Googles, anything that contains the letters GOO (in upper or lower case) together with any and all products, which comprise and which will comprise those characters, likenesses, which include Iggle, Oogle, Oggle, Gooroo, Gootian(s), the planet Goo, slides, computer web site(s), membership lists, clubs, materials, patterns, prototypes, logos, trademarks, service marks, clothing, merchandise, educational products, marketing and promotional data and tools, packaging and advertising, modifications, updates and variations, and all other items associated therewith whether in singular or plural

B.    LICENSOR hereby grants to LICENSEE for the term of this Agreement as recited in "Schedule A" attached hereto, the exclusive (even as to LICENSOR) worldwide, sub licensable right and license to use the Licensed Trademarks on or in association with the Licensed Products as well as on packaging, promotional, and advertising material associated therewith

C.    LICENSEE shall have the right to sublicense LICENSEE's rights under this Agreement; provided that any and all such sublicenses shall be subject to the terms and conditions of this Agreement.

D.    No licenses will be deemed to have been granted by either party to any of its Intellectual Property Rights, except as otherwise expressly provided in this Agreement

E.    LICENSEE agrees to place on all Licensed Products, where practicable, the phrase "created by Steven A. Silvers" or other similar wording

## II. TERM OF THE AGREEMENT

This Agreement and the provisions hereof, except as otherwise provided, shall be in full force and effect commencing on the date of execution by both parties and shall extend for a Term as recited in "Schedule A" attached hereto (the "Term")

## III. COMPENSATION

A.    In consideration for the licenses granted hereunder, LICENSEE agrees to pay to LICENSOR, during the Term of this Agreement, a royalty in the amount recited in "Schedule A" attached hereto (the "Royalty") based on LICENSEE's Net Sales of Licensed Products. "Net Sales" shall mean the gross revenues on a cash basis (i.e., actually collected by LICENSEE but without counting any gross revenues twice) excluding shipping and handling charges, sales taxes, VAT, and other taxes imposed upon sales less (i) customary trade discounts, (ii) allowances actually shown on the invoice (except cash discounts not deductible in the calculation of Royalty) (iii) bona fide returns, charge backs, refunds or credits (net of all returns actually made or allowed as supported by memoranda actually issued to the customers), (iv) sales of remainder inventory made at less than the total of LICENSEE's actual cost of goods and actual direct selling costs solely for purposes of liquidation or close-out, (v) other uncollectible accounts, (vi) cooperative advertising allowances, (vii) sales commissions paid.

B.    The Royalty owed LICENSOR shall be calculated on a quarterly calendar basis on collected funds (the "Royalty Period") and shall be payable no later than thirty (30) days after the termination of the preceding full calendar quarter, i.e., commencing on the first (1st) day of January, April, July and October with the exception of the first and last calendar quarters which may be "short" depending upon the effective date of this Agreement

C.    With each Royalty Payment, LICENSEE shall provide LICENSOR with a written royalty statement in a form acceptable to Licensor. Such royalty statement shall be certified as accurate by a duly authorized officer of Licensee, reciting on a country-by-country basis, the stock number, item, units sold, description, quantity shipped, gross invoice, amount billed to customers less discounts, allowances, returns and reportable sales for each Licensed Product. Such statements shall be furnished to Licensor whether or not any Licensed Products were sold during the Royalty Period. The LICENSEE hereby further agrees to provide the LICENSOR with a list of all of it's sub licensees added during the current royalty period.

D.    If LICENSEE sells any Licensed Products to any party affiliated with LICENSEE, or in any way directly or indirectly related to or under the common control with LICENSEE, at a price less than the average weighted price charged to other parties, the Royalty payable to LICENSOR shall be computed on the basis of the averaged weighted price charged to other parties if the Licensed Products are not ultimately resold to unaffiliated third parties



E.      All payments due hereunder shall be made in United States currency drawn on a United States bank, unless otherwise specified between the parties and may offset or be offset from any other payments due to LICENSEE under this or any other agreement between the parties.

F.      Late payments shall incur interest at the rate of ONE PERCENT (1%) per month from the date such payments were originally due.

### IV. AUDIT

A.      LICENSOR shall have the right, at its own expense, to have a nationally recognized certified public accounting firm, upon at least thirty (30) days written notice and no more than twice per calendar year, to inspect during normal business hours, LICENSEE's books and records and all other documents and material in the possession of or under the control of LICENSEE with respect to the subject matter of this Agreement at the place or places where such records are normally retained by LICENSEE.

B.      In the event that such inspection reveals an underpayment discrepancy greater than 5% of the amount of Royalty owed LICENSOR from what was actually paid, LICENSEE shall have the opportunity to conduct its own audit. If LICENSEE agrees to the amount, if any, of any discrepancy, LICENSEE shall pay such discrepancy, plus interest, calculated at the rate of ONE AND ONE-HALF PERCENT (1 1/2%) per month. Upon settlement of any underpayment discrepancy, no further audit by LICENSOR shall be requested that year. That period end date shall represent the new period start date for future audits for underpayment discrepancies. In the event that such discrepancy is in excess of TEN THOUSAND UNITED STATES DOLLARS ($10,000.00), LICENSEE shall also reimburse LICENSOR for the cost of auditing fees in connection therewith.

C.      All books and records relative to LICENSEE's obligations hereunder shall be maintained and kept accessible and available to LICENSOR for inspection for at least three (3) years after the expiration of the initial or any subsequent term.

D.      In the event that an investigation of LICENSEE's books and records is made, certain confidential and proprietary business information of LICENSEE may necessarily be made available to the person or persons conducting such investigation. It is agreed that such confidential and proprietary business information shall be held in confidence by LICENSOR and shall not be used by LICENSOR or disclosed to any third party for a period of two (2) years from the date of disclosure, or without the prior express written permission of LICENSEE unless required by law, except LICENSOR may not disclose at any time to any third party any such confidential and proprietary business information which are trade secrets of LICENSEE. It is understood and agreed, however, that such information may be used by LICENSOR in any proceeding based on LICENSEE's failure to pay its actual Royalty obligation.

### V. WARRANTIES AND OBLIGATIONS

A.      LICENSOR represents and warrants that:

(i)      the execution, delivery and performance of this Agreement have been duly authorized by all necessary action of LICENSOR and this Agreement is a valid and binding obligation of LICENSOR, enforceable in accordance with its terms;

(ii)      the execution, delivery and performance by LICENSOR of this Agreement will not violate or conflict with any applicable U.S. law or regulation, or any order, writ, judgment or decree of any court or governmental authority to which LICENSOR is subject, or result in a violation, breach of, or default under any contract, lease, or other agreement binding on LICENSOR;

(iii)      LICENSOR owns the exclusive rights in and to the Licensed Intellectual Property, Licensed Trademarks, Licensed Patents and Licensed Copyrights necessary to effectuate the granting of the Licensing Rights from the LICENSOR to the LICENSEE as contemplated herein.





(iv)        the Licensed Intellectual Property and Licensed Trademarks do not infringe the rights, including without limitation, Intellectual Property Rights, of any third party, and

(v)        except as set forth in Schedule B attached hereto, LICENSOR has not received any notice from any third party of any alleged or actual infringement of the Licensed Intellectual Property or Licensed Trademarks and the Licensed Intellectual Property and/or Licensed Trademarks are not the subject, and has not been the subject, of any previous or pending litigation with the exception of the Ganz litigation which has been resolved.

B.    LICENSEE represents and warrants that

(i)        the execution, delivery and performance of this Agreement have been duly authorized by all necessary action of LICENSEE and this Agreement is a valid and binding obligation of LICENSEE, enforceable in accordance with its terms;

(ii)        the execution, delivery and performance by LICENSEE of this Agreement will not violate or conflict with any applicable U.S. law or regulation, or any order, writ, judgment or decree of any court or governmental authority to which LICENSEE is subject, or result in a violation, breach of, or default under any contract, lease, or other agreement binding on LICENSEE; and

(iii)        it will use its commercially reasonable efforts to promote, market, sell and distribute the Licensed Products.

C.    Disclaimer of Warranties  EXCEPT AS EXPRESSLY PROVIDED ABOVE, NEITHER PARTY MAKES ANY WARRANTIES OR REPRESENTATIONS OF ANY KIND, EITHER EXPRESS OR IMPLIED, REGARDING THIS AGREEMENT AS TO ANY MATTER INCLUDING, BUT NOT LIMITED TO IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

D.    LICENSEE shall be solely responsible for the manufacture, production, sale and distribution of the Licensed Products or to have such Licensed Products manufactured, produced, sold and distributed, and will bear all related costs associated therewith.

## VI.  NOTICES, QUALITY CONTROL, AND SAMPLES

A.    The Licensed Products, as well as all promotional, packaging and advertising material relative thereto, shall include all appropriate legal notices

B.    The Licensed Products shall be of a high quality which is at least equal to comparable products manufactured and marketed by LICENSEE and in conformity with a standard sample provided by LICENSEE.

C.    Prior to the commencement of manufacture and sale of the Licensed Products, LICENSEE shall submit to LICENSOR for his input, at no cost to LICENSOR, a reasonable number of samples of all Licensed Products which LICENSEE intends to manufacture and sell and of all promotional and advertising material associated therewith.

## VII.  NOTICES AND PAYMENT

A    Any notice required to be given pursuant to this Agreement shall be in writing and delivered personally to the other designated party at the above-stated address or mailed by certified or registered mail, return receipt requested or delivered by a recognized national overnight courier service.

B    Either party may change the address to which notice or payment is to be sent by written notice to the other in accordance with the provisions of this paragraph.

4





## VIII. INTELLECTUAL PROPERTY PROTECTION

A.    LICENSOR hereby grants LICENSEE all right, power and interest to seek, obtain and maintain all Intellectual Property Rights associated with the Licensed Intellectual Property and Licensed Trademarks, Licensed Copyrights and any other Intellectual Property granted herein. LICENSOR further agrees to assist LICENSEE as may be required to apply for and obtain recordation of and from time to time enforce, maintain and defend such Intellectual Property Rights. LICENSOR hereby grants LICENSEE an irrevocable power of attorney for the initial and any subsequent terms of this Agreement to act for and on LICENSOR's behalf and instead of LICENSOR, at LICENSEE's expense, to execute and file any such document(s) and to do all other lawfully permitted acts to further the purposes of the foregoing with the same legal force and effect as if executed by LICENSOR.

B.    LICENSOR shall retain all rights, title and interest in the Licensed Intellectual Property and Licensed Trademarks and any modifications thereto based solely on such Licensed Intellectual Property. LICENSEE acknowledges LICENSOR's exclusive rights in the Licensed Intellectual Property and, further, acknowledges that the Licensed Intellectual Property and/or the Licensed Trademarks rights are unique and original to LICENSOR and that LICENSOR is the owner thereof. LICENSEE shall not, at any time during or after the effective Term of the Agreement, dispute or contest, directly or indirectly, LICENSOR's exclusive right and title to the Licensed Intellectual Property and/or the Licensed Trademarks(s) or the validity thereof.

C.    LICENSEE agrees that its use of the Licensed Intellectual Property and/or the Licensed Trademarks(s) inures to the benefit of LICENSOR and that the LICENSEE shall not acquire any rights in the Licensed Intellectual Property and/or the Licensed Trademarks(s) except for the license granted herein

D.    LICENSOR shall retain all rights, title and interest in and to the Licensed Intellectual Properties. The LICENSOR owns the exclusive rights to the Licensed Intellectual Property. LICENSOR hereby waives and releases LICENSEE from any and all current or future claims or causes of actions by third parties, whether known or unknown, arising out of or relating to such Licensed Intellectual Properties including, but not limited to, any claim that Licensed Products violate, infringe on or misappropriate any of LICENSOR's Intellectual Property Rights.

E.    Each party shall execute all papers, testify on all matters, and otherwise cooperate in every way necessary and desirable to effect any of the provisions under this Section (Intellectual Property Protection). The party requesting such shall reimburse the other party for the expenses incurred as a result of such cooperation. The parties agree to take any actions or prepare or execute any documents reasonably requested by the other party. Furthermore, during the term of this agreement, LICENSOR shall not initiate or maintain any relationship or conversations with LICENSEE'S current or prospective clients, vendors, any Company relationships with the media (press etc.) without the prior express written request by LICENSEE.

## IX. TERMINATION

A ..    Right to Terminate on Notice. This Agreement may be terminated by either party upon sixty (60) days written notice to the other party in the event of a breach of a material provision of this Agreement by the other party, provided that, during the sixty (60) days period, the breaching party fails to cure such breach



B. LICENSEE shall have the right to terminate this Agreement at any time on thirty (30) days written notice to LICENSOR. In such event, all moneys paid to LICENSOR shall be deemed non-refundable and LICENSEE's obligation to pay any unpaid royalties shall be accelerated and shall become immediately due and payable.

C. Additionally, if, after five years of the initial intellectual property license, there are three consecutive years during which royalty payments to LICENSOR are less than one hundred thousand dollars ($100,000.00), LICENSOR has the option to cancel this Agreement in accordance with Section IX. TERMINATION, Para. A.

## X. POST TERMINATION RIGHTS

A. Not less than thirty (30) days prior to the expiration of this Agreement or immediately upon termination thereof, LICENSEE shall provide LICENSOR with a complete schedule of all inventory of Licensed Products then on hand or on order (the "Inventory").

B. Upon expiration or termination of this Agreement, LICENSEE shall be entitled, for an additional period of six (6) months, to continue to sell such Inventory. Such sales shall be made subject to all of the provisions of this Agreement and to an accounting for and the payment of a Royalty thereon. Such accounting and payment shall be due and paid within thirty (30) days of the quarterly calendar cited as the period basis for royalty calculation. LICENSEE shall have the right to continue the use of the name(s) associate with the products and articles that encompass this Agreement for so long as LICENSEE is actively selling its inventory of articles and products. At the conclusion of LICENSEE'S efforts in this regard, LICENSEE agrees to discontinue the use of names, trademarks, signs, advertising and anything else that might make it appear that the LICENSEE is still handling the articles and products of LICENSOR.

C. Upon the expiration or termination of this Agreement, all of the license rights of LICENSEE under this Agreement shall forthwith terminate and immediately revert to LICENSOR and LICENSEE, except as detailed above in Section (B) of the "Post Termination Rights" Section, shall immediately discontinue all use of the Licensed Property and the like, at no cost whatsoever to LICENSOR.

D. Upon termination of this Agreement for any reason whatsoever, LICENSEE agrees to immediately return to LICENSOR all material relating to the Licensed Intellectual Property. Furthermore, upon termination or expiration of this Agreement, LICENSEE agrees to immediately inform all of it's sub licensees regarding the said termination or expiration of this Agreement.

## XI. INFRINGEMENTS

A. During the Term of this Agreement and any and all option/renewal periods, LICENSEE shall have the sole right, in its discretion and at its expense, to take any and all actions against third persons to protect the Intellectual Property Rights licensed in this Agreement.

B. Upon request by either party to the other, the other party shall execute all papers, testify on all matters, and otherwise cooperate in every way necessary and desirable for the prosecution of any such lawsuit. Each party shall reimburse the other party for the expenses incurred as a result of such cooperation.

## XII. INDEMNITY

A. LICENSEE agrees to indemnify and hold harmless LICENSOR, its agents, heirs, assigns and representatives, against all costs, expenses and losses (including reasonable attorneys' fees and costs) incurred through claims of third parties against LICENSOR based on product liability but excluding any claims based solely upon the use of the Licensed Intellectual Property or Licensed Trademarks by LICENSEE in accordance with the terms of this Agreement.



B.    LICENSOR agrees to indemnify and hold harmless LICENSEE, its officers, directors, agents and employees, against all costs, expenses and losses (including reasonable attorneys' fees and costs) incurred through claims of third parties against LICENSEE based on or arising from (i) any infringement, misappropriation or other related action involving the Licensed Intellectual Property or Licensed Trademarks; or (ii) any breach of LICENSOR's obligations, representations, warranties or duties under this agreement.

C.    With respect to any claims falling within the scope of the foregoing indemnifications: (i) each party agrees promptly to notify the other of and keep the other fully advised with respect to such claims and the progress of any suits in which the other party is not participating; (ii) each party shall have the right to assume, at its sole expense, the defense of a claim or suit made or filed against the other party; (iii) each party shall have the right to participate, at its sole expense, in any suit instituted against it; and (iv) a party assuming the defense of a claim or suit against the other party shall not settle such claim or suit without the prior written approval of the other party, which approval shall not be unreasonably withheld or delayed.

### XIII. LIMITATION OF LIABILITY

A.    IN NO EVENT WILL EITHER PARTY BE LIABLE UNDER THIS AGREEMENT FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES IN CONNECTION WITH OR ARISING OUT OF THIS AGREEMENT (INCLUDING LOSS OF PROFITS, USE, DATA, OR OTHER ECONOMIC ADVANTAGE), NO MATTER WHAT THEORY OF LIABILITY, EVEN IF THE EXCLUSIVE REMEDIES PROVIDED FOR IN THIS AGREEMENT FAIL OF THEIR ESSENTIAL PURPOSE AND EVEN IF EITHER PARTY HAS BEEN ADVISED OF THE POSSIBILITY OR PROBABILITY OF SUCH DAMAGES. THE PROVISIONS OF THIS SECTION "LIMITATION OF LIABILITY" ALLOCATE THE RISKS UNDER THIS AGREEMENT BETWEEN LICENSOR AND LICENSEE AND THE PARTIES HAVE RELIED UPON THE LIMITATIONS SET FORTH HEREIN IN DETERMINING WHETHER TO ENTER INTO THIS AGREEMENT.

B.    EACH PARTY'S LIABILITY TO THE OTHER UNDER THIS AGREEMENT FOR CLAIMS RELATING TO THIS AGREEMENT, WHETHER FOR BREACH OF CONTRACT OR IN TORT, SHALL BE LIMITED TO THE AGGREGATE ROYALTY FEES PAID BY LICENSEE TO LICENSOR DURING THE TWELVE MONTH PERIOD PRECEDING THE CLAIM.

### XIV. INSURANCE

LICENSEE shall, throughout the Term of this Agreement, obtain and maintain at its own cost and expense from a qualified insurance company licensed to do business as required by state and federal law(s), standard Product Liability Insurance naming LICENSOR as an additionally named insured. Such policy shall provide protection against any and all claims, demands and causes of action arising out of any defects or failure to perform, alleged or otherwise, of the Licensed Products or any material used in connection therewith or any use thereof. The amount of coverage shall be as specified in "Schedule A" attached hereto. LICENSEE agrees to furnish LICENSOR a certificate of insurance evidencing same within ninety (90) days after issuance of same, and, in no event, shall LICENSEE manufacture, distribute or sell the Licensed Products prior to receipt by LICENSOR of such evidence of insurance.

### XV. FORCE MAJEURE

LICENSEE shall not be liable for any failure of performance hereunder due to causes beyond its reasonable control, including but not limited to acts of God, fire, explosion, vandalism, strikes, lockouts, work stoppages, other labor difficulties, supplier failures, storm or other similar catastrophes, any law, order, regulation, direction, action or request of the state, local or federal government or of any governmental agency, commission, court, bureau, corporation or other instrumentality of any one or more of such governments, or of any civil or military authority, national emergencies, insurrections, riots, or wars.

7

## XVI. JURISDICTION AND DISPUTES

A. This Agreement shall be governed in accordance with the laws of the State of Florida without regard to its principles of conflicts of laws.

B. All disputes under this Agreement shall be resolved by the courts of the State of Florida including the United States District Court for Florida and the parties all consent to the jurisdiction of such courts, agree to accept service of process by mail, and hereby waive any jurisdictional or venue defenses otherwise available to it.

## XVII. AGREEMENT BINDING ON SUCCESSORS

The provisions of the Agreement shall be binding upon and shall inure to the benefit of the parties hereto, their heirs, administrators, successors and assigns.

## XVIII. WAIVER

No waiver by either party of any default shall be deemed as a waiver of prior or subsequent default of the same or other provisions of this Agreement.

## XIX. SEVERABILITY

If any term, clause or provision hereof is held invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the validity or operation of any other term, clause or provision and such invalid term, clause or provision shall be deemed to be severed from the Agreement.

## XX. NO JOINT VENTURE

Nothing contained herein shall constitute this arrangement to be employment, a joint venture or a partnership.

## XXI. ASSIGNABILITY

Neither party may assign by any act or operation of law the rights and obligations of this Agreement unless in connection with a transfer of substantially all of the assets of LICENSEE and/or with the consent of LICENSOR, which shall not be unreasonably withheld or delayed. By way of example and not limitation, LICENSEE may freely assign its rights and obligations under this Agreement to Stelor Productions, Inc.

## XXII. INTEGRATION

This Agreement constitutes the entire understanding of the parties, and revokes and supersedes all prior agreements between the parties, including any option agreements which may have been entered into between the parties, and is intended as a final expression of their Agreement. It shall not be modified or amended except in writing signed by the parties hereto and specifically referring to this Agreement. This Agreement shall take precedence over any other documents which may be in conflict with said Agreement.

## XXIII. RATIFICATION

The LICENSOR hereby agrees to the transfer of this License from the LICENSEE (The Aurora Collection, Inc.) to Stelor Productions, Inc. as contemplated by the Asset & Purchase Agreement, dated May 1st, 2002, and executed between the above mentioned parties





## "SCHEDULE A"

### LICENSED INTELLECTUAL PROPERTY

The following Licensed Intellectual Property forms part of this Agreement: A License under any and all intellectual property rights and interests therein, including by way of explanation, products which deal with a creative character known as Googles, anything that contains the letters GOO (in upper or lower case), together with any and all products, which comprise and which will comprise those characters, likenesses, which include Iggle, Oogle, Oggle, Gooroo, Goobian(s), the Planet Goo, slides, computer web site(s), membership lists, clubs, materials, patterns, prototypes, logos, trademarks, service marks, clothing, merchandise, educational products, marketing and promotional data and tools, packaging and advertising, modifications, updates and variations, and all other items associated therewith whether in singular or plural

### LICENSED TRADEMARKS

The following Licensed Trademarks form part of this Agreement: (i) "The Googles" (word and design) Trademarks in International Class Code (016) of the U.S.P.T.O and the co-existent Trademarks Agreement with Ganz, Inc. of Canada in International Class Code (028) of the U.S.P.T.O., which is hereto attached and made a part of this "Schedule A" document. (ii) "Oogle", (iii) "Iggle", (iv) "Oggle", (v) "GooRoo", (vi) "Planet Goo", (vii) "GooMu", (viii) "GooToons", (ix) "GooStuff", (x) "GooKids", (xi) "GooStore" and (xii) any other trademarks, whether registered, pending or future or common law, used in connection with the Licensed Property, including , but not limited to, any trademark incorporating the phrase "Goo" currently in existence.

### LICENSED PRODUCTS

The following Licensed Products form part of this Agreement: all products which comprise the likenesses, stories, ideas, concepts, or designs of the Licensed Property, including without limitation, stuffed toy figurines, videos, stickers, t-shirts or other clothing items, slides, movies, cartoons, books (comic and otherwise), posters, playing, trading and collector cards, CDs, cassette tapes, DVDs, TV programs, motion pictures, all other forms of communication and publication, programs, computer Web site(s), membership lists and clubs, and any other products.

### DERIVATIVES

A Derivative as defined in this agreement shall mean a product or service that is utilized by the LICENSEE and developed by a party other than the LICENSOR but is used in conjunction with licensed products, articles and /or services. It can be a product or service produced by the LICENSEE or a third party (inventor, sub licensee etc,) that in its use enhances the value of the Googles Universe but does not have a conflict with an already existing Googles product idea or concept as outlined in this agreement. It may not possess the "Googles" or "GOO" in it's name and would therefore fall under the LICENSOR'S exclusive ownership as defined in the amended agreement but can be used in conjunction with the "Goo" Universe by the LICENSEE.

### TERRITORY

The following countries shall constitute the Territory. Global/Worldwide rights.

### TERM

This Agreement shall commence on the date executed below by both parties and shall be for a thirty (30) year term This Agreement shall automatically renew for one additional ten (10) year term on the same terms and conditions provided for herein ("Renewal Term"). Upon expiration of the first Renewal Term of ten (10) years, this Agreement shall automatically renew for a second ten (10) year extended Term on the

10



same terms and conditions provided for herein, unless LICENSOR provides written notice of its intention to not to renew this Agreement within one hundred eighty (180) days prior to expiration of the Renewal Term.

### ROYALTY RATE

LICENSEE shall pay the following royalty rates: (i) SIX PERCENT (6%) of Net Sales of Licensed Products that are based solely on the Licensed Intellectual Property and (ii) THREE PERCENT (3%) of Net Sales of Licensed Products that are based solely on Derivative Products and (iii) In the case of Sub Licenses royalties will be TEN PERCENT (10%) of Net sales after subtracting licensing costs and royalties paid to third parties only.

### PRODUCT LIABILITY INSURANCE

Minimum Product Liability Insurance shall be Two Million U.S. dollars ($2,000,000.00) combined single limit for each single occurrence for bodily injury and/or for property damage.

*Succession*
*Rights of Survivor*

5/9/02

In the event of the Death of Licensor all of the Licensors rights under this agreement shall go to his heirs, assigns or legal representatives as he has lawfully designated in writing.

*Steve A. Silvers*
5/09/02

*[signature]*
5/9/02

*[signature]*

MICHAEL LUM
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires April 1, 2003
5/9/02

11

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have each caused to be affixed hereto its or his/her hand and seal the day indicated.

STEVEN A. SILVERS                    . STELOR PRODUCTIONS, INC.

Steven A. Silvers                    By: _____
Title: Owner/LICENSOR                Printed Name: _Steven A Esris_
Dated: _5/09/02_                     Title: _President_
                                     Dated: _5/9/02_

Received Ten Thousand Dollar signing bonus ($10,000.00)

MICHAEL LUM
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires April 1, 2003

5/9/02

# AMENDMENT
# TO
# LICENSE, DISTRIBUTION
# AND MANUFACTURING AGREEMENT

This AMENDMENT TO THE LICENSE, DISTRIBUTION AND MANUFACTURING AGREEMENT between Steven A. Silvers and Aurora Collection is effective as of April 30, 2002, and is entered into by and between Steven A. Silvers (LICENSOR), an Individual, whose official address is 3741 NE 163rd Street, PMB #325, North Miami Beach, FL 33160, and The Aurora Corporation, Inc. (LICENSEE), a Florida corporation with its current offices located at: 4651 SW 51st Street, Suite 806, Davie, FL 33314.

### WITNESSETH

WHEREAS, LICENSOR is the sole and exclusive owner of the GOOGLES characters identified more fully in "Schedule A" attached hereto (the "Licensed Property");

WHEREAS, LICENSOR is the sole and exclusive owner of the GOOGLES trademarks identified more fully in "Schedule A" attached hereto (the "Licensed Trademarks");

WHEREAS, LICENSOR has the power and authority to grant to LICENSEE the right, privilege and license to use, manufacture, distribute, and sell those types of products that incorporate or are otherwise based on the Licensed Property as identified in "Schedule A" attached hereto (the "Licensed Products") and to use the Licensed Trademarks on or in association with such Licensed Products;

WHEREAS, LICENSEE has or will have the ability to manufacture, have manufactured, have sub-manufactured, distribute and sell or have sold and distributed the Licensed Products in the Licensed Territory more clearly defined in Schedule A (the Territory) and to use the Trademark(s) on or in association with the Licensed Products;

WHEREAS, LICENSEE desires to obtain from LICENSOR an exclusive license to use, manufacture, have manufactured and sell Licensed Products in the Territory and to use the Licensed Trademarks on or in association with the Licensed Products;

WHEREAS, LICENSEE has agreed, pursuant to a letter agreement, to act as a consultant for LICENSOR; and

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, the parties, each intending to be legally bound hereby, do hereby agree as follows:

### I. LICENSE GRANT

A.    LICENSOR hereby grants to LICENSEE, for the Term of this Agreement as recited in "Schedule A" attached hereto, the exclusive (even as to LICENSOR), worldwide, sub licensable right and license to use, reproduce, modify, create derivative works of, manufacture, have manufactured, market, advertise, sell, distribute, display, perform, and otherwise commercialize the Licensed Products and Licensed Properties in the Territory. The license includes a license under any and all intellectual property rights and interests therein, including by way of explanation, products which deal with all creative characters, known as Googles, anything that contains the letters GOO (in upper or lower case) together with any and all products, which comprise and which will comprise those characters, likenesses, which include Iggle, Oogle, Oggle, Gooroo, Gootian(s), the planet Goo, slides, computer web site(s), membership lists, clubs, materials, patterns, prototypes, logos, trademarks, service marks, clothing, merchandise, educational

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTIONS TO STRIKE "EMERGENCY" LABEL OF
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION, TO EXTEND TIME TO RESPOND,
AND TO INITIATE DISCOVERY

# Exhibit C

**From:**      Steven Esrig <steven@stelorproductions.com>
**To:**         Larry Hefter <larry.hefter@finnegan.com>
**Date:**     Wed, Nov 3, 2004 11:25 AM
**Subject:**  FW: Domain Names

------ Forwarded Message
From: Dean DePue <dean@stelorproductions.com>
Date: Tue, 02 Nov 2004 23:48:36 -0500
To: Steven Esrig <steven@stelorproductions.com>
Cc: Julie DePue <julie@stelorproductions.com>, Marty Jeffery
<marty@stelorproductions.com>
Subject: Domain Names

Steve:

As the manager for the Domain Names for Stelor, I have some distressing
news. If you remember, on October 1st, we received an email from the
support group at GoDaddy that a request was made for transfer of many of the
domains in our account to another account. The transferee account was not
listed. After speaking on the phone with two different individuals at
GoDaddy (including a manager), I was informed that the transferee account
was the actual Registrant for the names, Steven Silvers. Thus, there was
nothing we could do to prevent the transfer into Silvers' account.

Nine of those names, namely, OOGLESADVENTURE.COM, THEGOOGLESADVENTURE.COM,
THEGOOGLESADVENTURES.COM, GOOGLESADVENTURE.COM, GOOGLESMUSIC.COM,
GOOHOP.COM, GOOTUNES.COM, GOOSHOES.COM, and GOOSHIP.COM, have now expired as
of October 26, 2004. Unfortunately, there is little we can do as we do not
have access to Silvers' account to renew these names.

Dean

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTIONS TO STRIKE "EMERGENCY" LABEL OF
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION, TO EXTEND TIME TO RESPOND,
AND TO INITIATE DISCOVERY

# Exhibit D



Make the switch to GoDaddy.com
#1 in new domain name registration!

My Account    24/7 Customer Support    FAQs    Logout

Hot Deals! Save Big Now!    What's New at GoDaddy.com!

| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |
|------|------|------|------|------|------|------|------|------|------|

My Account   Company Info   Why our prices are so low   10-Point Value Plan   Reseller Program   Technical Support Hints   -- Browse Site --

WHOIS Database Search

## WHOIS Search Results for: OOGLESADVENTURE.COM

This domain is NOT Available



Enter another domain to check.

www. [ .................. ]   .com   GO

The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.

Registrant:
    Silvers Entertainment Grp. Inc.

    8983 Okeechobee Blvd.
    Ste. 203, PMB 203
    West Palm Beach, Florida 33411
    United States

    Registered through: GoDaddy.com (http://www.godaddy.com)
    Domain Name: OOGLESADVENTURE.COM
        Created on: 26-Oct-01
        Expires on: 26-Oct-04
        Last Updated on: 18-Sep-03

    Administrative Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
    Technical Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636

    Domain servers in listed order:
        NS81.WORLDNIC.COM

NS82.WORLDNIC.COM

**This domain is NOT Available**

| Frequently Asked Questions: | 24/7 Technical Support: | 24/7 Domain Help: | Billing Questions: | Email Your Question |
|---|---|---|---|---|
| Need help fast? Check here first. | (480) 505-8877 | (480) 505-8899 | (480) 505-8855 | Access Email Support Here |

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.

GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.
Source: Name Intelligence, Inc. DBA Whois Source.









**Go Daddy**
HOT PRICES.
SERIOUS SUPPORT.™

Make the switch to GoDaddy.com
#1 in new domain name registration!

✓ My Account  24/7 Customer Support  FAQs  Logout
Hot Deals! Save Big Now!  What's New at GoDaddy.com!

| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |

My Account   Company Info   Why our prices are so low   10-Point Value Plan   Reseller Program   Technical Support Hints   — Browse Site —

WHOIS Database Search

## WHOIS Search Results for: THEGOOGLESADVENTURE.COM

This domain is NOT Available

Enter another domain to check.
www. [              ] .com  [GO]

The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.

Registrant:
    Silvers Entertainment Grp. Inc.

    8983 Okeechobee Blvd.
    Ste. 203, PMB 203
    West Palm Beach, Florida 33411
    United States

    Registered through: GoDaddy.com (http://www.godaddy.com)
    Domain Name: THEGOOGLESADVENTURE.COM
        Created on: 26-Oct-01
        Expires on: 26-Oct-04
        Last Updated on: 18-Sep-03

    Administrative Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
    Technical Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636

    Domain servers in listed order:
        NS51.WORLDNIC.COM

GoDaddy.com: Domain Name Registration, Domain Transfers. You...     https://registrar.godaddy.com/whois.asp?isc=&se=%2B&from_ap.

NS52.WORLDNIC.COM

**This domain is NOT Available**

| Frequently Asked Questions: | 24/7 Technical Support: | 24/7 Domain Help: | Billing Questions: | Email Your Question |
|---|---|---|---|---|
| Need help fast? Check here first. | (480) 505-8877 | (480) 505-8899 | (480) 505-8855 | Access Email Support Here |

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.

GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.

Source: Name Intelligence, Inc. DBA Whois Source.









Make the switch to GoDaddy.com
#1 in new domain name registration!

My Account | 24/7 Customer Support | FAQs | Logout

Hot Deals! Save Big Now! | What's New at GoDaddy.com!

| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |

My Account   Company Info   Why our prices are so low   10-Point Value Plan   Reseller Program   Technical Support Hints   -- Browse Site --

WHOIS Database Search

## WHOIS Search Results for:  THEGOOGLESADVENTURES.COM

This domain is NOT Available



Enter another domain to check.

www. [                    ]  .com    GO

The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.

Registrant:
    Silvers Entertainment Grp. Inc.

    8983 Okeechobee Blvd.
    Ste. 203, PMB 203
    West Palm Beach, Florida 33411
    United States

    Registered through: GoDaddy.com (http://www.godaddy.com)
    Domain Name: THEGOOGLESADVENTURES.COM
        Created on: 26-Oct-01
        Expires on: 26-Oct-04
        Last Updated on: 18-Sep-03

    Administrative Contact:
        Esrig, Steve   sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
    Technical Contact:
        Esrig, Steve   sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636

    Domain servers in listed order:
        NS37.WORLDNIC.COM

NS38.WORLDNIC.COM

**This domain is NOT Available**

| **Frequently Asked Questions:** Need help fast? Check here first. | **24/7 Technical Support:** (480) 505-8877 | **24/7 Domain Help:** (480) 505-8899 | **Billing Questions:** (480) 505-8855 | **Email Your Question** Access Email Support Here |
|---|---|---|---|---|

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.

GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.
Source: Name Intelligence, Inc. DBA Whois Source.











Make the switch to GoDaddy.com
#1 in new domain name registration!

My Account    24/7 Customer Support    FAQs    Logout

Hot Deals! Save Big Now!    What's New at GoDaddy.com!

| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |

My Account  Company Info  Why our prices are so low  10-Point Value Plan  Reseller Program  Technical Support Hints  -- Browse Site --

WHOIS Database Search

## WHOIS Search Results for: GOOGLESADVENTURE.COM

This domain is NOT Available

Enter another domain to check.

www. [          ] .com    GO

```
The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.
```

```
Registrant:
    Silvers Entertainment Grp. Inc.

    8983 Okeechobee Blvd.
    Ste. 203, PMB 203
    West Palm Beach, Florida 33411
    United States

    Registered through: GoDaddy.com (http://www.godaddy.com)
    Domain Name: GOOGLESADVENTURE.COM
        Created on: 26-Oct-01
        Expires on: 26-Oct-04
        Last Updated on: 18-Sep-03

    Administrative Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
    Technical Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636

    Domain servers in listed order:
        NS81.WORLDNIC.COM
```

NS92.WORLDNIC.COM

**This domain is NOT Available**

| Frequently Asked Questions: | 24/7 Technical Support: | 24/7 Domain Help: | Billing Questions: | Email Your Question |
|---|---|---|---|---|
| Need help fast? Check here first. | (480) 505-8877 | (480) 505-8899 | (480) 505-8855 | Access Email Support Here |

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.

GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.
Source: Name Intelligence, Inc. DBA Whois Source.









Make the switch to GoDaddy.com
#1 in new domain name registration!

My Account    24/7 Customer Support    FAQs    Logout

Hot Deals! Save Big Now!    What's New at GoDaddy.com!

| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |
|---|---|---|---|---|---|---|---|---|---|

My Account  Company Info  Why our prices are so low  10-Point Value Plan  Reseller Program  Technical Support Hints  -- Browse Site --

WHOIS Database Search

## WHOIS Search Results for: GOOGLESMUSIC.COM

This domain is NOT Available

Enter another domain to check.

www. [                    ] .com    GO

```
The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.
```

```
Registrant:
   Silvers Entertainment Grp. Inc.

   8983 Okeechobee Blvd.
   Ste. 203, PMB 203
   West Palm Beach, Florida 33411
   United States

   Registered through: GoDaddy.com (http://www.godaddy.com)
   Domain Name: GOOGLESMUSIC.COM
      Created on: 26-Oct-01
      Expires on: 26-Oct-04
      Last Updated on: 18-Sep-03

   Administrative Contact:
      Esrig, Steve  sesrig@stelorproductions.com
      Stelor Productions, Inc.
      1401 Mockingbird Drive
      Darnestown, Maryland 20874
      United States
      3019633636
   Technical Contact:
      Esrig, Steve  sesrig@stelorproductions.com
      Stelor Productions, Inc.
      1401 Mockingbird Drive
      Darnestown, Maryland 20874
      United States
      3019633636

   Domain servers in listed order:
      NS81.WORLDNIC.COM
```

NS82.WORLDNIC.COM

**This domain is NOT Available**

---

| **Frequently Asked Questions:** | **24/7 Technical Support:** | **24/7 Domain Help:** | **Billing Questions:** | **Email Your Question** |
|---|---|---|---|---|
| Need help fast? Check here first. | (480) 505-8877 | (480) 505-8899 | (480) 505-8855 | Access Email Support Here |

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.

GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.
Source: Name Intelligence, Inc. DBA Whois Source.











| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |
|---|---|---|---|---|---|---|---|---|---|

My Account   Company Info   Why our prices are so low   10-Point Value Plan   Reseller Program   Technical Support Hints   -- Browse Site --

WHOIS Database Search

## WHOIS Search Results for: GOOHOP.COM

**This domain is NOT Available**

Enter another domain to check.
www. [            ] .com [GO]

The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.

Registrant:
    Silvers Entertainment Grp. Inc.

    8983 Okeechobee Blvd.
    Ste. 203, PMB 203
    West Palm Beach, Florida 33411
    United States

    Registered through: GoDaddy.com (http://www.godaddy.com)
    Domain Name: GOOHOP.COM
        Created on: 26-Oct-01
        Expires on: 26-Oct-04
        Last Updated on: 18-Sep-03

    Administrative Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
    Technical Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636

```
Domain servers in listed order:
    NS51.WORLDNIC.COM
    NS52.WORLDNIC.COM
```
**This domain is NOT Available**

| Frequently Asked Questions: | 24/7 Technical Support: | 24/7 Domain Help: | Billing Questions: | Email Your Question |
|---|---|---|---|---|
| Need help fast? Check here first. | (480) 505-8877 | (480) 505-8899 | (480) 505-8855 | Access Email Support Here |

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.
GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.
Source: Name Intelligence, Inc. DBA Whois Source.









Make the switch to GoDaddy.com
#1 in new domain name registration!

My Account   24/7 Customer Support   FAQs   Logout

Hot Deals! Save Big Now!   What's New at GoDaddy.com!

| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |

My Account   Company Info   Why our prices are so low   10-Point Value Plan   Reseller Program   Technical Support Hints   -- Browse Site --

WHOIS Database Search

## WHOIS Search Results for: GOOTUNES.COM

**This domain is NOT Available**



Enter another domain to check.
www. [_____] .com   GO

```
The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.
```

```
Registrant:
    Silvers Entertainment Grp. Inc.

    8983 Okeechobee Blvd.
    Ste. 203, PMB 203
    West Palm Beach, Florida 33411
    United States

    Registered through: GoDaddy.com (http://www.godaddy.com)
    Domain Name: GOOTUNES.COM
        Created on: 26-Oct-01
        Expires on: 26-Oct-04
        Last Updated on: 18-Sep-03

    Administrative Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
    Technical Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
```

```
Domain servers in listed order:
    NS25.WORLDNIC.COM
    NS26.WORLDNIC.COM
```

**This domain is NOT Available**

| Frequently Asked Questions:<br>Need help fast? Check here first. | 24/7 Technical Support:<br>(480) 505-8877 | 24/7 Domain Help:<br>(480) 505-8899 | Billing Questions:<br>(480) 505-8855 | Email Your Question<br>Access Email Support Here |
| --- | --- | --- | --- | --- |

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.

GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.
Source: Name Intelligence, Inc. DBA Whois Source.









| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |

My Account    Company Info    Why our prices are so low    10-Point Value Plan    Reseller Program    Technical Support Hints    -- Browse Site --

WHOIS Database Search
_____

## WHOIS Search Results for: GOOSHOES.COM

**This domain is NOT Available**



Enter another domain to check.
www. [        ] .com [GO]

```
The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.
```

```
Registrant:
   Silvers Entertainment Grp. Inc.

   8983 Okeechobee Blvd.
   Ste. 203, PMB 203
   West Palm Beach, Florida 33411
   United States

   Registered through: GoDaddy.com (http://www.godaddy.com)
   Domain Name: GOOSHOES.COM
      Created on: 26-Oct-01
      Expires on: 26-Oct-04
      Last Updated on: 18-Sep-03

   Administrative Contact:
      Esrig, Steve  sesrig@stelorproductions.com
      Stelor Productions, Inc.
      1401 Mockingbird Drive
      Darnestown, Maryland 20874
      United States
      3019633636
   Technical Contact:
      Esrig, Steve  sesrig@stelorproductions.com
      Stelor Productions, Inc.
      1401 Mockingbird Drive
      Darnestown, Maryland 20874
      United States
      3019633636
```

```
Domain servers in listed order:
    NS45.WORLDNIC.COM
    NS46.WORLDNIC.COM
```

**This domain is NOT Available**

| Frequently Asked Questions: | 24/7 Technical Support: | 24/7 Domain Help: | Billing Questions: | Email Your Question |
|---|---|---|---|---|
| Need help fast? Check here first. | (480) 505-8877 | (480) 505-8899 | (480) 505-8855 | Access Email Support Here |

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.

GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.
Source: Name Intelligence, Inc. DBA Whois Source.

    



**Make the switch to GoDaddy.com**
**#1 in new domain name registration!**

My Account   24/7 Customer Support   FAQs   Logout

Hot Deals! Save Big Now!   What's New at GoDaddy.com!

| Home | Domain Names | Web Site Hosting | Secure SSL Certificates | Email Accounts | Get a Web Site | Drive Sales & Traffic | Get an Online Store | Backorder Domains | Entrepreneur Resources |
|---|---|---|---|---|---|---|---|---|---|

My Account   Company Info   Why our prices are so low   10-Point Value Plan   Reseller Program   Technical Support Hints   -- Browse Site --

**WHOIS Database Search**

## WHOIS Search Results for: GOOSHIP.COM

**This domain is NOT Available**

Enter another domain to check.
www. [            ] .com [GO]

```
The data contained in Go Daddy Software, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of Go Daddy Software, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, Go Daddy Software, Inc.
is not the registrant of domain names listed in this database.
```

```
Registrant:
    Silvers Entertainment Grp. Inc.

    8983 Okeechobee Blvd.
    Ste. 203, PMB 203
    West Palm Beach, Florida 33411
    United States

    Registered through: GoDaddy.com (http://www.godaddy.com)
    Domain Name: GOOSHIP.COM
        Created on: 26-Oct-01
        Expires on: 26-Oct-04
        Last Updated on: 18-Sep-03

    Administrative Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
    Technical Contact:
        Esrig, Steve  sesrig@stelorproductions.com
        Stelor Productions, Inc.
        1401 Mockingbird Drive
        Darnestown, Maryland 20874
        United States
        3019633636
```

```
Domain servers in listed order:
    NS43.WORLDNIC.COM
    NS44.WORLDNIC.COM
```

**This domain is NOT Available**

| Frequently Asked Questions:<br>Need help fast? Check here first. | 24/7 Technical Support:<br>(480) 505-8877 | 24/7 Domain Help:<br>(480) 505-8899 | Billing Questions:<br>(480) 505-8855 | Email Your Question<br>Access Email Support Here |
|---|---|---|---|---|

Home | Site Map | Product Catalog | Shopping Cart | Login | Whois | Tell a Friend | President's Page | Careers | Legal Agreements | Report Spam

Copyright © 1999 - 2004 Go Daddy Software, Inc. All rights reserved.
GoDaddy.com ranked #1 among all registrars in net new domain name registrations for the years 2002, 2003, and 2004.
Source: Name Intelligence, Inc. DBA Whois Source.







CASE NO. 04-80954-CIV-HURLEY/HOPKINS

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTIONS TO STRIKE "EMERGENCY" LABEL OF
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION, TO EXTEND TIME TO RESPOND,
AND TO INITIATE DISCOVERY

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT FLORIDA

STELOR PRODUCTIONS, INC.
(a Delaware corporation)

        Plaintiff,

      v.

STEVEN A. SILVERS
(a resident of Palm Beach County, Florida)

        Defendant.

CASE NO. 04-80954 - CIV - HURLEY

Magistrate: Judge James M. Hopkins

## DECLARATION OF LAURENCE R. HEFTER

I, Laurence R. Hefter, declare as follows:

1.     I am Senior Counsel at the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 1300 I Street, N.W., Washington, D.C. 20005.

2.     On or about October 28, 2004, during a telephone conference between William M. Borchard, Esq. of the firm Cowan, Liebowitz & Latman, P.C. and me, both serving as counsel for Stelor Productions, Inc., and Gail M. McQuilkin of the firm Kozyak Tropin & Throckmorton, P.A., Ms. McQuilkin advised us that she is representing Steven A. Silvers, the Defendant in the above-captioned matter.

3.     During the telephone conversation on October 28, 2004, Ms. McQuilkin also advised Mr. Borchard and me that she had contacted Google, Inc. on behalf of Steven A. Silvers in connection with a trademark cancellation proceeding in the United States Patent and Trademark Office. The proceeding is pending before the Trademark

CASE NO. 04-80954 - CIV - HURLEY

Trial & Appeal Board and involves U.S. Trademark Registration No. 2,087,590 for the mark GOOGLES & Design. This registration is included amongst the trademarks which Mr. Silvers granted an exclusive license to Stelor Productions, Inc.

I, being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, state that all statements made herein of my own knowledge are true; and all statements made herein on information or belief are believed to be true.

Signed at _Washington, D. C._, this _4_ day of _November_, 2004

_____
Laurence R. Hefter