UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80954 -CIV-HURLEY/HOPKINS

STELOR PRODUCTIONS, INC.,
    Plaintiff,

vs.

STEVEN A. SILVERS
    Defendant.

NIGHT BOX
FILED

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

In response to the Counterclaim filed by Defendant Steven A. Silvers ("Defendant") on November 15, 2004, Plaintiff Stelor Productions, Inc. ("Stelor") answers as follows:

### ANSWER

1.    Stelor is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies them, except Stelor admits that Silvers is an individual residing in Palm Beach County.

2.    Stelor admits that it is a Delaware corporation with a place of business at 14701 Mockingbird Drive, Darnestown, Maryland.

3.    Stelor is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them, except Stelor admits that Silvers holds himself out as and has warranted that he is the author of the children's book "Googles and the Planet Goo" and the creator of certain characters and illustrations contained in that book.

4. Stelor is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies them, except Stelor admits that Silvers is the record owner and his warranted ownership of certain trademarks, including Registration No. 2,087,590 for the mark "The Googles and Design."

5. Stelor is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies them, except Stelor admits that Silvers has warranted ownership of certain copyrights and patents.

6. Stelor is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them, except Stelor admits that Silvers is the registered owner and has warranted ownership of the Intellectual Property and Trademarks identified in Schedule "A" of the License, Distribution and Manufacturing Agreement between Silvers and Stelor ("License Agreement").

7. Stelor admits that on June 1, 2002, Stelor and Silvers entered into the License Agreement and refers the Court to the License Agreement for its complete and precise contents. Stelor denies the remaining allegations of Paragraph 7.

8. Stelor admits that on June 1, 2002, Stelor and Silvers entered into a Consulting Agreement, and refers the Court to the Consulting Agreement for its complete and precise contents. Stelor denies the remaining allegations of Paragraph 8.

9. Denied.

10. Stelor is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies them.

11. Stelor denies that Silvers has made out any claim for breach of the License Agreement, and further denies any breach of the License Agreement.

12. In response to Paragraph 12, Stelor incorporates by reference its responses to Paragraphs 1 through 10 as if fully set forth herein.

13. Stelor admits that in Section V(B)(iii) of the License Agreement Stelor represents and warrants that "it will use its commercially reasonable efforts to promote, market, sell and distribute the Licensed Products" and otherwise refers the Court to the License Agreement for its complete and precise contents.

14. Stelor denies the allegations of Paragraph 14 and refers the Court to the License Agreement for its complete and precise contents.

15. Stelor refers the Court to the License Agreement, and particularly, Sections VI(B) and VI(C), for their complete and precise contents. Stelor denies the remaining allegations of Paragraph 15.

16. Stelor refers the Court to the License Agreement, and particularly, Section VIII, for their complete and precise contents. Stelor denies the remaining allegations of Paragraph 16.

17. Stelor refers the Court to the License Agreement, and in particular, Section XIV, for their complete and precise contents. Stelor denies the remaining allegations of Paragraph 17.

18. Stelor refers the Court to the License Agreement, and particularly, Sections III and IV, for their complete and precise contents. Stelor denies the remaining allegations of Paragraph 18.

19. Stelor refers the Court to the License Agreement, and in particular, Sections VIII and XI, for their complete and precise contents. Stelor denies the remaining allegations of Paragraph 19.

20. Stelor denies each and every allegation contained in Paragraph 20 and its subparts (a) through (k).

21. Stelor denies the allegations of the first sentence of Paragraph 21. Stelor further denies the allegations contained in Paragraph 21, subparts (a) and (b). Stelor further denies the allegations contained subpart (c), except Stelor admits that it has filed claims before the United States Trademark Trial and Appeal Board and the National Arbitration Forum.

22. Denied.

23. Stelor admits that Count II of Silvers' Counterclaim purports to state a claim for breach of the Consulting Agreement. Stelor denies that Silvers has made out any claim for breach of the Consulting Agreement, and denies the remaining allegations of Paragraph 23.

24. In response to Paragraph 24, Stelor incorporates by reference its responses to Paragraphs 1 through 23 as if fully set forth herein.

25. Denied.

26. Stelor refers the Court to the Consulting Agreement, and in particular, to Section 1(b), for their complete and precise contents. Stelor denies the remaining allegations of Paragaraph 26.

27. Stelor refers the Court to the Consulting Agreement, and in particular, to Section 1(b), for their complete and precise contents. Stelor denies the remaining allegations of Paragraph 27.

28. Stelor refers the Court to the Consulting Agreement, and in particular, to Section 1(b), for their complete and precise contents. Stelor denies the remaining allegations of Paragraph 28.

29. Stelor refers the Court to the Consulting Agreement, and in particular, to Section 4(a), for their complete and precise contents. Stelor denies the remaining allegations of Paragraph 29.

30. Stelor denies the allegations in Paragraph 30 and its subparts (a) through (d).

31. Denied.

Stelor denies that Defendant is entitled to any of the relief sought by its Counterclaim.

Dated: December 8, 2004

Respectfully submitted,

*/s/ Laurence R. Heffer*

Laurence R. Heffer
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Telephone: (202) 408-4000
Facsimile:: (202) 408-4400

Attorneys for Plaintiff,
STELOR PRODUCTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing, PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM, was served on the party, Steven A. Silvers, through his attorney of record on this the 8th day of December, 2004 as follows:

**VIA FACSIMILE AND OVERNIGHT COURIER:**

Gail M. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372.1800
Facsimile: (305) 372.3508

By: /s/ Dinah C. Davis
Dinah C. Davis