FILED by   CH   D.C.
ELECTRONIC

**Dec 14 2004**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, INC.,

       Plaintiff,                      Case No. 04-80954-CIV-HURLEY

v.

STEVEN A. SILVERS,

       Defendant.

_____

## DEFENDANT'S OPPOSITION TO MOTION FOR
## YANO RUBINSTEIN TO APPEAR PRO HAC VICE

Defendant Steven A. Silvers ("Silvers") opposes the Motion to Appear Pro Hac Vice filed by Stanley Beiley, Esq. To admit attorney Yano Rubinstein as counsel for Plaintiff, Stelor Productions, Inc. and states as grounds:

1.        On October 15, 2004, Stelor Productions, Inc. ("Stelor") filed this action against Silvers for breach of a license agreement, and seeking injunctive relief to prevent Silvers from participating in related matters pending before the United States Patent and Trademark Office. Counsel of record for this action is Stanley Beiley of Sacher, Zelman, et al. in Miami , and Laurence Hefter of Finnegan, Henderson et al. in Washington D.C.

2.        On October 29, 2004 attorney Yano Rubinstein ("Rubinstein"), who is located in California, entered an appearance on behalf of Silvers in the United States Patent and Trademark Office in a pending trademark cancellation proceedings filed by Google, Inc. against Silvers, Cancellation Proceeding No. 92043737. A copy of the notice of appearance is attached as Exhibit A. Rubinstein then filed an Answer, and later an Amended Answer and Counterclaim in that proceeding on behalf of Silvers, copies of which are attached as Exhibits B and C. On November 16, 2004, Rubinstein filed "Notice of Withdrawal of Power of Attorney" in that

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor • Coral Gables, Florida 33134 • 305-372-1800

Dockets.Justia.com

proceeding, a copy of which is attached as Exhibit D.

3.      On November 2, 2004, Rubinstein filed an action to challenge Goolge's right to use the domain name google.com under the Uniform Domain Name Dispute Resolution Policy, adopted by the Internet Corporation for Assigned Names and Numbers.  The matter is pending before the National Arbitration Forum.  A copy of the Complaint filed is attached as Exhibit E. Because Silvers did not want this matter filed, he filed through other counsel, a Notice of Withdrawal of the Complaint.  In response, Rubinstein filed an opposition to that Notice, stating that he has been appointed counsel to represent Silvers in that action, a copy of which is attached as Exhibit F.

4.      Pursuant to Rule 4-1.7 and 4-1.9, Florida Rules of Professional Conduct, Mr. Rubinstein, as former counsel of record for Silvers in the USPTO action, and as counsel of record for Silvers in the National Arbitration Forum,  has a conflict of interest and cannot represent Stelor Productions in this action.  Silvers has not, and will not, waive this conflict and expressly does not consent to Mr. Rubinstein representing Stelor in this adverse role.

5.      Accordingly, Silvers asks the Court to deny the Motion to Appear Pro Hac Vice, and for any other relief the Court deems necessary.

Respectfully submitted this 14th day of December, 2004.

  **s/ Gail A. McQuilkin**
Gail A. McQuilkin  (FBN: 969338)
Kenneth R. Hartmann  (FBN: 664286)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
T: 305-372-1800 / F: 305-372-3508

========================================================

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 14th day of December, 2004, via facsimile and first class mail on the following:

Stanley A. Beiley
Sacher Zelman Van Sant Paul Beiley Hartman Rolnick & Waldman, PA
1401 Brickell Avenue, Suite 700, Miami, FL 33131

Laurence R. Hefter
Finnegan Henderson Farabow Garrett & Dunner, LLP
1300 I Street, NW, Washington, DC 20005

**s/ Gail A. McQuilkin**
_____

3339/101/245757.1

# Exhibit A

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number:  **ESTTA18328**

Filing date:          **10/29/2004**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| **Proceeding** | 92043737 |
| **Party** | Defendant<br>SILVERS, STEVEN A.<br>SILVERS, STEVEN A.<br>3741 N.E. 163RD STREET SUITE 325<br>NORTH MIAMI BEACH, FL 33160 |
| **Correspondence Address** | SILVERS, STEVEN A.<br>3741 N.E. 163RD STREET SUITE 325<br>NORTH MIAMI BEACH, FL 33160<br><br>gam@kttlaw.com |
| **Submission** | Appearance of Counsel/Power of Attorney |
| **Filer's Name** | Yano Rubinstein, Esq. |
| **Filer's e-mail** | yano@sumrub.com |
| **Signature** | /yr/ |
| **Date** | 10/29/2004 |
| **Attachments** | poa.stlr.pdf ( 1 page ) |

# Exhibit B

TTAB

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the matter of Registration No. 2,087,590
Issued: August 12, 1997
Mark: GOOGLES & Design

GOOGLE INC.,                       )
                                   )
    Petitioner,             )    Cancellation No.: 92043737
                                   )
vs.                                )
                                   )
STEVEN A. SILVERS,                 )
                                   )
    Registrant.             )
_____)

## ANSWER

BOX TTAB
Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3514

    Registrant and Respondent Steven A. Silvers, through his exclusive licensee Stelor

Productions, Inc., by and through counsel, answers the Petition for Cancellation ("Cancellation")

by Petitioner Google, Inc. ("Petitioner"), filed on September 22, 2004, as follows:

    In response to Petitioner's introductory Paragraph, Registrant denies that Petitioner has

ever been or will ever be damaged by Registrant's superior uncontestable Registration

No. 2,087,590, for the GOOGLES & Design mark ("Registrant's Mark" or "GOOGLES").

    1.    Upon information and belief, Registrant denies that the GOOGLE mark was

famous since 1997. Upon information and belief, Registrant denies that the GOOGLE mark was

used with related goods since 1997. Registrant lacks knowledge or information sufficient to

ANSWER TO CANCELLATION
STLR0002

form a belief as to the remainder of the allegations set forth in Paragraph 1 of the Cancellation, and on that basis denies such allegations, leaving Petitioner to prove the same.

2.      A Cancellation action has been filed against the GOOGLE Registration (Reg. No. 2,806,075). Accordingly, Registrant denies the Allegations in Paragraph 2.

3.      An Opposition has been filed against the GOOGLE Application (Ser. No. 76/314,783). Accordingly, Registrant denies all allegations in Paragraph 3.

4.      Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of the Cancellation, and on that basis denies such allegations, leaving Petitioner to prove the same.

5.      Upon Information and belief, Registrant denies the allegations in Paragraph 5.

6.      Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Cancellation, and on that basis denies such allegations, leaving Petitioner to prove the same.

7.      Registrant admits that Registrant is the owner of the incontestable GOOGLES and Design mark, Reg. No. 2,087,590. Registrant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 7 and therefore denies said allegations.

8.      Registrant admits the allegations set forth in Paragraph 8.

9.      Registrant admits the allegations set forth in Paragraph 9.

10.     Registrant admits the allegations set forth in Paragraph 10.

11.     Registrant denies the allegations set forth in Paragraph 11.

12.     Registrant admits the allegations set forth in Paragraph 12.

13.     Registrant admits the allegations set forth in Paragraph 13.

14.     Registrant admits it did not join Registrant in Cancellation No. 92043496.

ANSWER TO CANCELLATION
STLR0002

Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Cancellation, and on that basis denies such allegations.

15.    Registrant admits the allegations set forth in Paragraph 15

16.    Registrant admits the allegations set forth in Paragraph 16.

17.    Registrant admits the allegations set forth in Paragraph 17.

18.    Registrant admits the allegations set forth in Paragraph 18.

19.    Registrant admits it did not join Registrant in Opposition No. 91161251. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Cancellation, and on that basis denies such allegations.

20.    Upon Information and belief, Registrant denies the allegations in Paragraph 20.

21.    Upon Information and belief, Registrant denies the allegations in Paragraph 21.

22.    Upon Information and belief, Registrant denies the allegations in Paragraph 22.

23.    Registrant incorporates by reference Paragraphs 1 through 22 above.

24.    Registrant admits the allegations set forth in Paragraph 24.

25.    Registrant admits the allegations set forth in Paragraph 25.

26.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the Cancellation, and on that basis denies such allegations.

27.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the Cancellation, and on that basis denies such allegations.

28.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the Cancellation, and on that basis denies such allegations.

ANSWER TO CANCELLATION
STLR0002

29.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the Cancellation, and on that basis denies such allegations.

30.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Cancellation, and on that basis denies such allegations.

31.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Cancellation, and on that basis denies such allegations.

32.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Cancellation, and on that basis denies such allegations.

33.    Upon information and belief, Registrant denies the allegations in Paragraph 33.

34.    Upon information and belief, Registrant denies the allegations in Paragraph 34.

35.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Cancellation, and on that basis denies such allegations.

36.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the Cancellation, and on that basis denies such allegations.

37.    Upon information and belief, Registrant denies the allegations in Paragraph 37.

38.    Registrant denies the allegations in Paragraph 38.

39.    Registrant incorporates by reference Paragraphs 1 through 38 above.

40.    Registrant lacks knowledge or information sufficient to form a belief as to the

ANSWER TO CANCELLATION
STLR0002

allegations set forth in Paragraph 40 of the Cancellation, and on that basis denies such allegations.

41.    Registrant denies the allegations in Paragraph 41.

42.    Registrant denies the allegations in Paragraph 42.

43.    Registrant denies the allegations in Paragraph 43.

44.    Registrant denies the allegations in Paragraph 44.

45.    Registrant denies the allegations in Paragraph 45.

46.    Registrant denies the allegations in Paragraph 46.

47.    Registrant denies the allegations in Paragraph 47.

48.    Registrant incorporates by reference Paragraphs 1 through 47 above.

49.    Registrant denies the allegations in Paragraph 49.

50.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50 of the Cancellation, and on that basis denies such allegations.

51.    Registrant denies the allegations in Paragraph 51.

52.    Registrant denies the allegations in Paragraph 52.

53.    Registrant denies the allegations in Paragraph 53.

54.    Registrant incorporates by reference Paragraphs 1 through 53 above.

55.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the Cancellation, and on that basis denies such allegations.

56.    Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 56 of the Cancellation, and on that basis denies such allegations.

ANSWER TO CANCELLATION
STLR0002

57. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 57 of the Cancellation, and on that basis denies such allegations.

58. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58 of the Cancellation, and on that basis denies such allegations.

59. Registrant denies the allegations in Paragraph 59.

60. Registrant denies the allegations in Paragraph 60.

61. Registrant denies the allegations in Paragraph 61.

62. Registrant denies the allegations in Paragraph 62.

63. Registrant denies the allegations in Paragraph 63.

<u>FIRST AFFIRMATIVE DEFENSE</u>

1. Petitioner is not entitled to maintain this action as the GOOGLES & Design mark Registration No. 2,087,590 is an incontestable Registration.

<u>SECOND AFFIRMATIVE DEFENSE</u>

2. Petitioner is not entitled to maintain this suit by reason of estoppel by laches. Registrant's mark has been in open, continuous and extensive use by Registrant for more than 8 years prior to the filing of this action, to the knowledge of Petitioner, with no attempt on Petitioner's part to obtain a judicial determination of its alleged rights with respect to Registrant's use of its mark. Registrant has relied to its detriment upon Petitioner's acquiescence and delay and has continued its use of its mark and invested substantial sums in promotion and advertising of said mark. For these reasons, Petitioner is estopped to allege that any acts of Registrant have damaged or will damage Petitioner's alleged trademark rights.

ANSWER TO CANCELLATION
STLR0002

## THIRD AFFIRMATIVE DEFENSE

3. Petitioner lack standing to bring the Petition for Cancellation.

## FOURTH AFFIRMATIVE DEFENSE

4. Petitioner's Cancellation fails to state a claim upon which any relief can be granted because Petitioner has failed to join a necessary party to the Petition for Cancellation, namely, the exclusive licensee of the GOOGLES & Design Registration, Stelor Productions, Inc.

## FIFTH AFFIRMATIVE DEFENSE

5. The GOOGLE Registration (Registration No. 2,806,075), and Application (Serial No. 76/314,783) relied upon by Petitioner are invalid and, therefore, Petitioner cannot rely upon rights to the GOOGLE Registration or Application in this Petition for Cancellation. Prior to the filing of this Answer, Registrant has filed a Petition for Cancellation of GOOGLE Registration No. 2,806,075 and an Opposition to Application Serial No. 76/314,783.

## SIXTH AFFIRMATIVE DEFENSE

6. Petitioner is barred from recovery under the doctrine of Unclean Hands. Upon information and belief, Petitioner committed fraud in securing its Registration, and Petitioner is therefore precluded from relying on the Registration in the Cancellation.

## SEVENTH AFFIRMATIVE DEFENSE

7. No damage or injury has resulted, will result, or can result to Petitioner.

## EIGHT AFFIRMATIVE DEFENSE

8. Registrant will assert any and all other valid defenses which may be developed through discovery and/or testimony periods in this Cancellation proceeding.

ANSWER TO CANCELLATION
STLR0002

WHEREFORE, Registrant prays that the Petition for Cancellation be dismissed with Prejudice in its entirety.

Dated:  October 29, 2004

Respectfully submitted,

*[signature]*

By: Yano L. Rubinstein

SUMMERS RUBINSTEIN
A Professional Law Corporation
580 California Street, Suite 1600
San Francisco, CA  94104

Telephone:   415.439.4816
Fax:            415.651.9853
Email:        yano@sumrub.com

ANSWER TO CANCELLATION
STLR0002

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and complete copy of the Answer to Cancellation No. 92043737 upon counsel for Petitioner by causing a copy of the same to be deposited in the United States mail, first-class postage prepaid, and addressed as follows:

Ron N. Dreben
Jake D. Feldman
Morgan, Lewis & Brockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

Rochelle D. Alpert
Carla B. Oakley
Morgan, Lewis & Brockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Yano L. Rubinstein

ANSWER TO CANCELLATION
STLR0002

# Exhibit C

TRADEMARK

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the matter of Registration No. 2,087,590
Issued: August 12, 1997
Mark: GOOGLES & Design

GOOGLE INC.,

    Petitioner,

vs.           Cancellation No.: 92043737

STEVEN A. SILVERS,

    Registrant.

**AMENDED ANSWER AND COUNTERCLAIMS**

    Registrant and Respondent Steven A. Silvers, through his exclusive licensee Stelor

Productions, Inc., by and through counsel, answers the Petition for Cancellation ("Cancellation")

by Petitioner Google, Inc. ("Petitioner"), filed on September 22, 2004, as follows:

    In response to Petitioner's introductory Paragraph, Registrant denies that Petitioner has

ever been or will ever be damaged by Registrant's superior uncontestable Registration

No. 2,087,590, for the GOOGLES & Design mark ("Registrant's Mark" or "GOOGLES").

    1.    Upon information and belief, Registrant denies that the GOOGLE mark was

famous since 1997. Upon information and belief, Registrant denies that the GOOGLE mark was

used with related goods since 1997. Registrant lacks knowledge or information sufficient to

form a belief as to the remainder of the allegations set forth in Paragraph 1 of the Cancellation,

BOX TTAB - FEE
Commissioner for Trademarks
PO Box 1451
Alexandria, Virginia 22313-1451

AMENDED ANSWER
CANCELLATION NO. 92043737
STLR0002

and on that basis denies such allegations, leaving Petitioner to prove the same.

    2.    A Cancellation action has been filed against the GOOGLE Registration (Reg. No.

2,806,075). Accordingly, Registrant denies the Allegations in Paragraph 2.

    3.    An Opposition has been filed against the GOOGLE Application (Ser. No.

76/314,783). Accordingly, Registrant denies all allegations in Paragraph 3.

    4.    Registrant lacks knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 4 of the Cancellation, and on that basis denies such allegations,

leaving Petitioner to prove the same.

    5.    Upon information and belief, Registrant denies the allegations in Paragraph 5.

    6.    Registrant lacks knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 6 of the Cancellation, and on that basis denies such allegations,

leaving Petitioner to prove the same.

    7.    Registrant admits that Registrant is the owner of the incontestable GOOGLES and

Design mark, Reg. No. 2,087,590. Registrant lacks knowledge or information sufficient to form

a belief as to the remaining allegations set forth in Paragraph 7 and therefore denies said

allegations.

    8.    Registrant admits the allegations set forth in Paragraph 8.

    9.    Registrant admits the allegations set forth in Paragraph 9.

    10.    Registrant admits the allegations set forth in Paragraph 10.

    11.    Registrant denies the allegations set forth in Paragraph 11.

    12.    Registrant admits the allegations set forth in Paragraph 12.

    13.    Registrant admits the allegations set forth in Paragraph 13.

    14.    Registrant admits it did not join Registrant in Cancellation No. 92043496.

Registrant lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 14 of the Cancellation, and on that basis denies such allegations.

AMENDED ANSWER
CANCELLATION NO. 92043737
STLR0002

15. Registrant admits the allegations set forth in Paragraph 15.

16. Registrant admits the allegations set forth in Paragraph 16.

17. Registrant admits the allegations set forth in Paragraph 17.

18. Registrant admits the allegations set forth in Paragraph 18.

19. Registrant admits it did not join Registrant in Opposition No. 91161251.

Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Cancellation, and on that basis denies such allegations.

20. Upon Information and belief, Registrant denies the allegations in Paragraph 20.

21. Upon Information and belief, Registrant denies the allegations in Paragraph 21.

22. Upon Information and belief, Registrant denies the allegations in Paragraph 22.

23. Registrant incorporates by reference Paragraphs 1 through 22 above.

24. Registrant admits the allegations set forth in Paragraph 24.

25. Registrant admits the allegations set forth in Paragraph 25.

26. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the Cancellation, and on that basis denies such allegations.

27. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the Cancellation, and on that basis denies such allegations.

28. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28 of the Cancellation, and on that basis denies such allegations.

29. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the Cancellation, and on that basis denies such allegations.

30. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Cancellation, and on that basis denies such allegations.

31. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Cancellation, and on that basis denies such allegations.

32. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Cancellation, and on that basis denies such allegations.

33. Upon information and belief, Registrant denies the allegations in Paragraph 33.

34. Upon information and belief, Registrant denies the allegations in Paragraph 34.

35. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Cancellation, and on that basis denies such allegations.

36. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the Cancellation, and on that basis denies such allegations.

37. Upon information and belief, Registrant denies the allegations in Paragraph 37.

38. Registrant denies the allegations in Paragraph 38.

39. Registrant incorporates by reference Paragraphs 1 through 38 above.

40. Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40 of the Cancellation, and on that basis denies such allegations.

41. Registrant denies the allegations in Paragraph 41.

42. Registrant denies the allegations in Paragraph 42.

43.   Registrant denies the allegations in Paragraph 43.

44.   Registrant denies the allegations in Paragraph 44.

45.   Registrant denies the allegations in Paragraph 45.

46.   Registrant denies the allegations in Paragraph 46.

47.   Registrant denies the allegations in Paragraph 47.

48.   Registrant incorporates by reference Paragraphs 1 through 47 above.

49.   Registrant denies the allegations in Paragraph 49.

50.   Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50 of the Cancellation, and on that basis denies such allegations.

51.   Registrant denies the allegations in Paragraph 51.

52.   Registrant denies the allegations in Paragraph 52.

53.   Registrant denies the allegations in Paragraph 53.

54.   Registrant incorporates by reference Paragraphs 1 through 53 above.

55.   Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the Cancellation, and on that basis denies such allegations.

56.   Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 56 of the Cancellation, and on that basis denies such allegations.

57.   Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 57 of the Cancellation, and on that basis denies such allegations.

58.   Registrant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58 of the Cancellation, and on that basis denies such allegations.

59.   Registrant denies the allegations in Paragraph 59.

60.   Registrant denies the allegations in Paragraph 60.

61.   Registrant denies the allegations in Paragraph 61.

62.   Registrant denies the allegations in Paragraph 62.

63.   Registrant denies the allegations in Paragraph 63.

## FIRST AFFIRMATIVE DEFENSE

1.   Petitioner is not entitled to maintain this action as the GOOGLES & Design mark Registration No. 2,087,590 is an incontestable Registration.

## SECOND AFFIRMATIVE DEFENSE

2.   Petitioner is not entitled to maintain this suit by reason of estoppel by laches. Registrant's mark has been in open, continuous and extensive use by Registrant for more than 8 years prior to the filing of this action, to the knowledge of Petitioner, with no attempt on Petitioner's part to obtain a judicial determination of its alleged rights with respect to Registrant's use of its mark. Registrant has relied to its detriment upon Petitioner's acquiescence and delay and has continued its use of its mark and invested substantial sums in promotion and advertising of said mark. For these reasons, Petitioner is estopped to allege that any acts of Registrant have damaged or will damage Petitioner's alleged trademark rights.

## THIRD AFFIRMATIVE DEFENSE

3.   Petitioner lacks standing to bring the Petition for Cancellation.

## FOURTH AFFIRMATIVE DEFENSE

4.   Petitioner's Cancellation fails to state a claim upon which any relief can be granted because Petitioner has failed to join a necessary party to the Petition for Cancellation, namely, the exclusive licensee of the GOOGLES & Design Registration, Stelor Productions, Inc.

## FIFTH AFFIRMATIVE DEFENSE

5.  The GOOGLE Registration (Registration No. 2,806,075), and Application (Serial No. 76/314,783) relied upon by Petitioner are invalid and, therefore, Petitioner cannot rely upon rights to the GOOGLE Registration or Application in this Petition for Cancellation. Prior to the filing of this Answer, Registrant has filed a Petition for Cancellation of GOOGLE Registration No. 2,806,075 and an Opposition to Application Serial No. 76/314,783.

## SIXTH AFFIRMATIVE DEFENSE

6.  Petitioner is barred from recovery under the doctrine of Unclean Hands. Upon information and belief, Petitioner committed fraud in securing its Registration, and Petitioner is therefore precluded from relying on the Registration in the Cancellation.

## SEVENTH AFFIRMATIVE DEFENSE

7.  No damage or injury has resulted, will result, or can result to Petitioner.

## EIGHT AFFIRMATIVE DEFENSE

8.  Registrant will assert any and all other valid defenses which may be developed through discovery and/or testimony periods in this Cancellation proceeding.

WHEREFORE, Registrant prays that the Petition for Cancellation be dismissed with Prejudice in its entirety.

## COUNTERCLAIMS

STEVEN A. SILVERS ("Silvers") an individual located at 2495 Sailfish Cove Drive, West Palm Beach, Florida 33411-1823, believes that he is being damaged by registration of the mark GOOGLE shown in Registration No. 2,806,075 (the "GOOGLE Registration") and hereby counterclaims for cancellation of the GOOGLE Registration. Silvers also believes that he would be damaged by registration of the mark GOOGLE shown in Application Serial No. 76/314,783 (the "GOOGLE Application") and hereby also counterclaims against the issuance of the GOOGLE Application.

As grounds these counterclaims, it is alleged that:

1.  In 1991, the children's characters the "GOOGLES" were created from a book titled *Googles and the Planet of Goo*. According to the book, the GOOGLES are four lovable alien creatures, who were sent to Earth to teach its inhabitants the environmental lessons implemented on their eco-friendly Planet GOO.

2.  The GOOGLES characters have gained a loyal following among children and their parents or guardians, who for many years have used Silvers' or his licensees' interactive website (the "GOOGLES Website") having the domain name www.googles.com and using the mark GOOGLES COM.

3.  From 2002 to the present, Stelor Productions, Inc. ("Stelor") has been the exclusive worldwide licensee of the GOOGLES intellectual property including the mark GOOGLES.

4.  Silvers and his licensees have operated the GOOGLES Website since its inception. The GOOGLES Website has been devoted to providing pre-school and young children a safe, predator-free, pornography-free, advertising-free place to play and learn from the GOOGLES who use music, stories, games and email to help small children see the wonders of kindness, self-esteem, health and wellness and learn about our interdependence with the environment.

5.  As of April 2004, the GOOGLES Website had registered more than 130,000 children as authorized users and had nearly 170,000 weekly visitors, an average of 36,000 per day.

6.  As a natural expansion of the GOOGLES children's book and website, Silvers and/or his licensees have sold children's merchandise related to the Googles characters, such as GOOGLES stickers and music CDs. Silvers and his licensees have used a family of "GOO" marks in promoting existing and intended goods and services for children.

7. The mark GOOGLE & Design has been registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"), Reg. No. 2,087,590, dated August 12, 1997 for "children's books" based on use since June 1994. The registration has become incontestable.

8. The mark GOOGLES also is the subject of a pending intent-to-use application at the USPTO, Ser. No. 78/420234, filed May 17, 2004, for "computer services, namely, providing email services intended for use by children; multiple user access to computer networks for the transfer and dissemination of a wide range of information intended for use by children; providing a wide range of general interest information via online bulletin boards and via multi user computer networks intended for use by children" in International Class 42.

9. As a result of the activities by Silvers and his licensees, the GOOGLES mark has developed a valuable reputation and goodwill, and has achieved a following among children and their parents, who have come to associate this mark with child appropriate goods and services.

FIRST COUNTERCLAIM

10. Silvers repeats and re-alleges each allegation contained in paragraphs 1 through 9 of the Counterclaims to this Petition for Cancellation as if set forth at length herein.

11. The GOOGLES website has displayed, and continues to display, buttons for GOOGLES MAIL, which Stelor intends to offer as a pornography-free, predator-free way for children who are authorized users to send emails to each other. Email services primarily for use by children are within the zone of natural expansion for Stelor's website services.

12. On or about January 20, 2004, Google Inc. ("Google"), a California corporation, located at 1600 Amphitheatre Parkway, Mountain View, California, obtained a registration of the mark GOOGLE (Registration No. 2,805,075) for the following services: "providing electronic email and workgroup communications services over computer networks; providing multiple user access to proprietary collections of information by means of global computer information

networks" in International Class 38 and "computer services, namely, providing software interfaces available over a network in order to create a personalized on-line information service; extraction and retrieval of information and data mining by means of global computer networks; creating indexes of information, indexes of websites and indexes of other information sources in connection with global computer networks; providing information from searchable indexes and databases of information, including text, electronic documents, databases, graphics and audio visual information, by means of global computer information networks" in International Class 42.

13. Google's mark GOOGLE is confusingly similar to Silvers' mark GOOGLES. The sole distinction between the marks is that Google has chosen the singular version of Silvers' GOOGLES mark.

14. The services covered by Google's Registration No. 2,805,075 of the GOOGLE mark are identical or closely related to the services offered and intended to be offered as a natural expansion, by Silvers and/or his licensees under the GOOGLES mark.

15. Upon information and belief, Google's first use of the GOOGLE mark was later than September 1997, the date stated in Google's Registration No. 2,805,075 for the services in Class 38 and 42 respectively.

16. Upon information and belief, Silvers has priority of first use for his GOOGLES mark for goods and services for children.

17. The slight difference between Google's GOOGLE mark and Silvers' GOOGLES mark is insufficient to avoid confusion and mistake among the consuming public. Consumers confronted with Google's GOOGLE mark for the services in the registration will inevitably be confused and deceived into the mistaken belief that Google's services have their origin with Silvers or his licensees, or are associated with Silvers or his licensees, in some way, or

alternatively, that Silvers' GOOGLES mark has its origin with Google, or is associated with Google in some way.

18. Indeed, such actual confusion already has taken place. Stelor has received a substantial number of emails from consumers believing Stelor's website to be that of Google or that Google's website is that of Stelor.

19. Thus, maintenance of Google's Registration No. 2,806,075 for the mark GOOGLE would result in the granting of rights to Google to which it is not entitled and would be inconsistent with the prior and established rights of Silvers and his licensees in the mark GOOGLES.

20. In addition, on March 15, 1999, Google submitted a sworn declaration in the form of an Amendment to Allege Use to the USPTO, in support of its application to register Registration No. 2,806,075, which stated that "Applicant is using the mark [GOOGLE] in commerce in connection with the services identified in the application." The services identified included "providing electronic mail...services over computer networks" ("Electronic Mail Services").

21. Upon information and belief, Google did not use the GOOGLE mark on or in connection with Electronic Email Services beginning in September 1997 up to or including March 15, 1999 when it submitted the sworn declaration to the USPTO

22. In an interview published in the April 12, 2000 edition of the Stanford Daily, Sergy Brin, Google's co-founder and co-president, was quoted as saying:

"As opposed to Yahoo!, Google is not a portal. Google doesn't intend to add additional services and features to the site such as chat and e-mail like most portals. All we do is search."

23. Upon information and belief, Google has never used the GOOGLE mark on or in connection with Electronic Email Services offered to the public.

24. In its Registration Statement filed with the Securities and Exchange Commission as amended June 21, 2004, Google stated that its email services were "still in test mode."

25. Therefore, upon information and belief, Google's sworn statements in its Amendment to Allege Use submitted to the USPTO were false.

26. Upon information and belief, Google's false statements were made with the intent to induce authorized agents of the USPTO to grant such registration, and reasonably relying on the Google's false statements, the USPTO did, in fact, grant such registration to Google.

27. Silvers is likely to be damaged by registration of such mark because the GOOGLES App. Ser. No. 78/4/2024 will likely be refused registration because of Google's Registration No. 2,806,075 on the grounds that there is a likelihood of confusion between Google's GOOGLE mark and Silvers' GOOGLES mark.

28. In addition, Stelor's business under the GOOGLES Mark, pursuant to its exclusive license from Silvers, is poised to expand with additional story lines, games, music, email services and offerings on its GOOGLES Website. It is also positioned to develop goods, such as toys and games, and to license rights to entertainment properties, such as a television show.

29. However, Google's GOOGLE mark, which is the subject of Registration No. 2,806,075, has deterred potential investors and business partners from being interested in Silvers' GOOGLES Mark, exclusively licensed to Stelor.

30. As a result of the foregoing, Silvers is being injured by the Registration No. 2,806,075 obtained for Google's GOOGLE mark.

SECOND COUNTERCLAIM

31. Silvers repeats and re-alleges each allegation contained in paragraph 1 though 30 of the Counterclaims to the Petition for Cancellation as if set forth at length herein.

32.    On or about September 18, 2001, Google filed an application to register the mark GOOGLE (in standard characters) Serial No. 76/314,783, which was published for opposition on July 6, 2004.

33.    Application Serial No. 76/314,783 seeks to register the mark GOOGLE for the following goods and services:

Class 9: "mouse pads, calculators"

Class 11: "flashlights, lamps"

Class 12: "license plate frames and holders"

Class 16: "books namely children's books, books on the subject of computers, notebooks, pens, greeting cards, stickers, decals"

Class 18: "bags, namely, tote bags, duffle bags, backpacks; luggage tags; umbrellas"

Class 21: "mugs, tumblers"

Class 25: "clothing, namely, shirts, t-shirts, vests, hats, caps, boxer shorts, children's clothing, namely, t-shirts"

Class 28: "sporting equipment, namely, plastic exercise balls"

Class 35: "electronic retailing services, via computer featuring mouse pads, flashlights, lamps, license plate frames and holders, books, notebooks, pens, greeting cards, stickers, decals, tote bags, duffel bags, backpacks, luggage tags, umbrellas, mugs, tumblers, shirts, t-shirts, modern cords, vests, caps, hats, and other clothing items"

34.    Application Serial No. 76/314,783 claims that the first use of Google's mark GOOGLE was January 1999 for all classes except Class 35, for which it was September 1999.

35.    Upon information and belief, Google's mark GOOGLE was not used on or in connection with any of the goods listed in Application Serial No. 76/314,783 prior to January 1999, and was not used in connection with the services listed in Application Serial No. 76/314,783 prior to September 1999.

36.    Upon information and belief, Silvers and/or his licensees used the mark GOOGLES on and in connection with children's books, stickers and children's T-shirts, and on and in connection with electronic retailing services, prior to Google's first use of GOOGLE for those goods and services.

37.    The description of many of the goods and services in Application Serial No. 76/314,783 could relate to children since they are not expressly said to be limited to adults.

38.    Google's mark GOOGLE is confusingly similar to Silvers' mark GOOGLES. The sole distinction between the marks is that Google has chosen the singular version of Silvers' GOOGLES mark.

39.    The goods and services covered by Application Serial No. 76/314,783 to register the GOOGLE mark are identical or closely related to the goods and services offered, or intended to be offered as a natural expansion, by Silvers and/or his licensees under the GOOGLES mark.

40.    Upon information and belief, Silvers has priority of first use for his GOOGLES mark for goods and services for children.

41.    The slight difference between Google's GOOGLE mark and the GOOGLES mark is insufficient to avoid confusion and mistake among the consuming public.  Consumers confronted with Google's GOOGLE mark for the goods and services listed in Application Serial No. 76/314,783 will inevitably be confused and deceived into the mistaken belief that Google's goods and services have their origin with Silvers or his licensees, or are associated with Silvers or his licensees in some way, or alternatively, that Silvers' GOOGLES mark has its origin with Google, or is associated with Google in some way.

42.    Indeed, such actual confusion already has taken place.  Stelor has received a substantial number of emails from consumers believing Stelor's website to be that of Google or that Google's website is that of Stelor.

43.    Thus, the grant of a registration to Application Serial No. 76/314,783 for the mark GOOGLE would result in the granting of rights to Google to which it is not entitled and would be inconsistent with the prior and established rights of Silvers in the mark GOOGLES.

WHEREFORE, Registrant prays:

1. That the Petition for Cancellation be dismissed with prejudice in all respects;

2. That the GOOGLE Registration be cancelled;

3. That the GOOGLE Application be refused registration;

That any such further relief be granted to Registrant as may be deemed reasonable and appropriate.

Dated: November 15, 2004                Respectfully submitted,

                                        [signature]

                                        By: Yann L. Rubinstein

                                        SUMMERS RUBINSTEIN
                                        A Professional Law Corporation
                                        580 California Street, Suite 1600
                                        San Francisco, CA  94104

                                        Telephone:   415.439.4816
                                        Fax:         415.651.9853
                                        Email:       yano@sumrub.com

---

44. Stelor's business under the GOOGLES mark, pursuant to its exclusive license from Silvers, is poised to expand with additional goods and services for children as a natural expansion of its existing activities.

45. Since the listed goods and services in Application Serial No. 76/314,783 could relate to children, registration of GOOGLE for those goods and services would cast a cloud on Stelor's right to use GOOGLES for those goods and services which either have been, or are intended to be, offered by Stelor in the children's field, pursuant to its exclusive license from Silvers.

46. Indeed, Applicant's mark, which is the subject of Application Serial No. 76/314,783, has deterred potential investors and business partners from being interested in Silvers' GOOGLES mark, exclusively licensed to Stelor.

47. By asserting Application Serial No. 76/314,783 in Google's Petition for Cancellation, which carries no substantial rights and also is invalid, Google has misused its application.

48. As a result of the foregoing, Silvers will be injured by granting of Application Serial No. 76/314,783.

//
//
//
//
//
//
//
//
//
//

## CERTIFICATE OF MAILING

I hereby certify that the Amended Answer and Counterclaims (along with any document referred to as being attached or enclosed) is being deposited this 15th day of November, 2004, with the U.S. Postal Service as first class mail in an envelope addressed to:

Andrew P. Bridges
Winston & Strawn, LLP
101 California Street
San Francisco, California 94111

Dated: November 15, 2004        Respectfully submitted,

By: Yano L. Rubinstein

SUMMERS RUBINSTEIN
A Professional Law Corporation
580 California Street, Suite 1600
San Francisco, CA  94104

Telephone:    415.439.4816
Fax:          415.651.9853
Email:        yano@sumrub.com

Page 17 of 17

AMENDED ANSWER
CANCELLATION NO. 92043737
STLR0002

# Exhibit D

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Registrant: | Steven A. Silvers |
| Registration No: | 2,087,590 |
| Issued: | August 12, 1997 |
| Mark: | **GOOGLES & Design** |
| Docket No: | 92043737 |

| | |
|---|---|
| Box TTAB, No Fee,<br>Commissioner for Trademarks<br>P.O. Box 1451<br>Alexandria, VA 22313-1451 | CERTIFICATE OF MAILING UNDER 37 C.F.R. § 1.8 (a)<br><br>I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Box TTAB, No Fee, Commissioner for Trademarks, P.O. Box 1451 Alexandria, VA 22313-1451 on November 16, 2004.<br><br>_____<br>Trevor A. Caudle |

### WITHDRAWAL OF POWER OF ATTORNEY UNDER 37 C.F.R. §2.19

Dear Sir or Madam:

Pursuant to 37 C.F.R. §2.19 and 37 C.F.R. §10.4 , appointed counsel for Registrant requests the Director to permit the withdrawal of Yano L. Rubinstein, of SUMMERS RUBINSTEIN APLC, as counsel of record. The reason for this motion is due to Registrant's discharge of counsel. Registrant's last known address is 2495 Sailfish Cove Drive, West Palm Beach, Florida 33411-1823

Dated: November 16, 2004

Respectfully submitted,

By: Yano L. Rubinstein

SUMMERS RUBINSTEIN
A Professional Law Corporation
580 California Street, Suite 1600
San Francisco, CA 94104

| | |
|---|---|
| Telephone: | 415.439.4816 |
| Fax: | 415.651.9853 |
| Email: | yano@sumrub.com |

**TTAB**

S u m m e r s
R u b i n s t e i n
A Professional Law Corporation

580 California Street
16th Floor
San Francisco, California 94104

Direct Dial:    415.439.4816
Fax:    415.651.9853
E-Mail:    yano@sumrub.com

|||||||||||||||||||||||||||||||||||||||||

November 16, 2004

11-22-2004
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #11

*__Via First Class Mail__*
Commissioner for Trademarks
P.O. Box 1451
Alexandria, Virginia 22313-1451

Re:    Google, Inc. v. Steven A. Silvers
       United States Patent and Trademark Office
       Trademark Trial and Appeal Board
       Cancellation No. 92043737

Dear Sir or Madame,

        Please find enclosed for filing, the Withdrawal of Power of Attorney Under 37 C.F.R.
§ 2.19 filed today in the above-captioned matter.

                                    Sincerely,

                                    Yano L. Rubinstein

YR:hdb


Enclosures

CERTIFICATE OF MAILING UNDER 37 C.F.R. § 1.8 (a)

        I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:  Box TTAB, Fee, Commissioner for Trademarks, PO Box 1451, Alexandria, Virginia  22313-1451 on November 16, 2004.

Trevor A. Caudle                              Dated: 11/16/04

STLR0002

San Francisco ▪ Palm Desert ▪ Washington D.C. ▪ Madrid

# Exhibit E

## Complaint Transmittal Cover Sheet

**To:**      Google Inc, Respondent

**From:**    Steven A. Silvers, Complainant

**Cc:**      National Arbitration Forum

**Date:**    November 2, 2004

**Re:**      google.com; googlesadsense.com; googlesadwords.com; googles-adwords.com

The attached Complaint is being filed against you with the National Arbitration Forum (the "Forum") pursuant to the Uniform Domain Name Dispute Resolution Policy (the "Policy") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") on October 24, 1999 and incorporated in your Registration Agreement with the Registrar of your domain name(s). By submitting this Complaint to the Forum, the Complainant agrees to abide and be bound by the provisions of the Policy, the ICANN Rules, and the Forum's Supplemental Rules.

Until you are notified by the Forum that a proceeding has commenced, you have no duty to act with regard to this Complaint.

- The Forum will examine the Complaint to determine whether it conforms to the ICANN Policy, Rules, and the Supplemental Rules.

- If the Complaint conforms to those standards, the Forum will forward an official copy of the Complaint to you.

- *Once the official Complaint is forwarded to you*, you will have **twenty (20)** calendar days to submit a Response to both the Forum and the Complainant in accordance with the Policy, Rules, and Supplemental Rules.

- You may seek legal assistance to represent you in this administrative proceeding.

The Policy and Rules governing this proceeding can be found at:

ICANN Policy          http://www.icann.org/udrp/udrp-policy-24oct99.htm
ICANN Rules           http://www.icann.org/udrp/udrp-rules-24oct99.htm
Forum Supplemental Rules   http://www.arb-forum.com/domains/UDRP/rules.asp

Alternatively, you may contact the Forum to obtain any of the above documents.

Telephone:   (800) 474-2371 or (651) 631-3700
E-mail:      info@arb-forum.com

*Please provide the Forum with the contact information (mailing address, e-mail address, telephone number) where the official Complaint and other communications in the administrative proceeding should be sent.*

complaint transmittal cover sheet.rtf



NATIONAL
ARBITRATION
FORUM

Steven A. Silvers
8983 Okeechobee Blvd.
Suite 202
PMB 203-
West Palm Beach, FL 33411

**(Complainant)**

v.

Google Inc.
2400 Bayshore Parkway,
Mountain View, California

**(Respondent)**

**COMPLAINT IN ACCORDANCE WITH**

**THE UNIFORM DOMAIN NAME DISPUTE RESOLUTION POLICY**

[1.]   This Complaint is hereby submitted for decision in accordance with the Uniform Domain Name Dispute Resolution Policy, adopted by the Internet Corporation for Assigned Names and Numbers (ICANN) on October 24, 1999 and approved by ICANN on October 24, 1999 (ICANN Policy), and the Rules for Uniform Domain Name Dispute Resolution Policy (ICANN Rules), adopted by ICANN on August 26, 1999 and approved by ICANN on October 24, 1999, and the National Arbitration Forum (NAF) Supplemental Rules (Supp. Rules). ICANN Rule 3(b)(i).

**Domain Names In Dispute:**

google.com
googlesadsense.com
googlesadwords.com
googles-adwords.com

**[2.]    COMPLAINANT INFORMATION**

[a.]    Name:        Steven A. Silvers
[b.]    Address:     8983 Okeechobee Blvd.
                     Suite 202
                     PMB 203
                     West Palm Beach, FL 33411
[c.]    Telephone:   (955) 445-6788
[d.]    Fax:         None
[e.]    E-Mail:      gewrue@hotmail.com

Complainant's Authorized Representative Contact Information Under ICANN Rule 3(b)(ii).

[a.]    Name:        Yano L. Rubinstein
[b.]    Address:     580 California Street, 16th floor, San Francisco, CA 94104
[c.]    Telephone:   415.439.4816
[d.]    Fax:         415.651.9853
[e.]    E-Mail:      yano@ssmrnb.com

Complainant's preferred method for communications directed to the Complainant in the administrative proceeding: ICANN Rule 3(b)(iii).

Electronic-Only Material
[a.]    Method:      email
[b.]    Address:     yano@ssmrnb.com
[c.]    Contact:     Yano L. Rubinstein

Material Including Hard Copy
[a.]    Method:      Fax
[b.]    Address/Fax: (415) 651-9853
[c.]    Contact:     Yano L. Rubinstein

Complainant chooses to have this dispute heard before a three-member administrative panel and provides the following panelists for consideration. ICANN Rule 3(b)(iv):

[a.]    Honorable Charles K. McCotter, Jr.:    New Bern, North Carolina
[b.]    Honorable John J. Upchurch:            Daytona Beach, Florida
[c.]    Hugues G. Richard:                     Montreal, Canada

**[3.]    RESPONDENT INFORMATION**

[a.]    Name:        Google Inc.
[b.]    Address:     1600 Amphitheatre Parkway
[c.]    Telephone:   (650) 623-4000
[d.]    Fax:         unknown
[e.]    E-Mail:      unknown

Respondent's Authorized Representative Contact Information Under ICANN Rule 3(b)(v):

[a.]    Name:        Rose Hagan, Attorney at Law
                     Senior Trademark Counsel
[b.]    Address:     2400 Bayshore Parkway Mountain View, California 94043
[c.]    Telephone:   (650) 623-4560
[d.]    Fax:         Unknown
[e.]    Email:       Hagan@google.com

**[4.]    DISPUTED DOMAIN NAME(S)**

[a.]    The following domain name(s) is/are the subject of this Complaint: ICANN Rule 3(b)(vi).

google.com; googlesadsense.com; googlesadwords.com; googles-adwords.com

[b.]    Registrar Information: ICANN Rule 3(b)(vii).

[i.]     Registrar's Name:    Alldomains.com Inc.
[ii.]    Registrar Address:   1800 Sutter Street, Suite 100
                              Concord, CA 94520
[iii.]   Telephone Number:    925-685-9600
[iv.]    E-Mail Address:      corpserve@alldomains.com

[c.]    Trademark/Service Mark Information: ICANN Rule 3(b)(viii).

In 1991, Complainant published a children's edutainment book entitled *Googles and the Planet of Goo* about four loveable alien creatures called "GOOGLES" who were sent to Earth to teach its inhabitants the environmental lessons implemented in their eco-friendly planet GOO. That book displayed the trademark GOOGLES & Design on the outside back cover (Exhibit "A"), Complainant registered copyrights in that book and additional related works from 1991 through 1994. In 1995, Complainant applied for a design patent on a tennis shoe having the GOOGLES & Design trademark displayed in at least four places on it (and that patent was subsequently issued September 1, 1998) (Exhibit "B"). On August 2, 1996, a company controlled by Complainant, The Googles Children's Workshop, Inc., filed an application for federal registration in the United States Patent and Trademark Office ("U.S.P.T.O.") of GOOGLES & Design as a trademark for "children's books" claiming use since June 1994. That application matured into Registration No. 2,087,590 issued August 12, 1997, which is now incontestable and which has been assigned to Complainant (Exhibit "C"). On July 18, 1997, Complainant registered the domain name googles.com and on or about that date started using GOOGLES as a service mark on its safe, predator-free, pornography-free, advertising-free website for pre-school and young children. As a natural expansion of the GOOGLES children's book and website, Complainant and designated by him have sold children's merchandise related to the Googles characters, namely, GOOGLES stickers, plush toys and music CDs, and have distributed GOOGLES children's T-shirts. These companies have used the mark GOOGLES, and a family of "GOO" marks, in promoting existing and intended goods and services for children.

Complainant's exclusive licenses is poised to expand its business under the GOOGLES Mark with additional story lines, games, music, email and other offerings on the GOOGLES website for children. It is also positioned to develop goods, such as toys and games, and to license rights to to entertainment properties, such as a television show. Such intended expansion is reflected in Complainant's pending intent-to-use application to register GOOGLES in the U.S.P.T.O., Ser. No. 78/420234, filed May 17, 2004, for "computer services, namely, providing email services intended for use by children; multiple user access to computer networks or the transfer and dissemination of a wide range of information intended for use by children; providing a wide range of general interest information via online bulletin boards and via multi user computer networks intended for use by children" in International Class 42. (**Exhibit "P"**).

[5.]    FACTUAL AND LEGAL GROUNDS

This Complaint is based on the following factual and legal grounds: ICANN Rule 3(b)(ix).

[a.]    Similarity of Respondent's Domain Names to Complainant's Mark. ICANN Rule 3(b)(ix)(1). ICANN Policy ¶ 4(a)(i).

The domain name "google.com" is confusingly similar to Complainant's previously used and registered trademark is the GOOGLES. The sole distinction between Respondent's domain and Complainant's mark is that the Respondent has chosen the singular version of Complainant's GOOGLES mark. The other domain names in issue have prefixes identical to Complainant's GOOGLES mark.

[b.]    No Legitimate Rights Under ICANN Rule 3(b)(ix)(2); ICANN Policy ¶ 4(a)(ii)

Respondent has no legitimate rights in the domains under ICANN Rule 3(b)(ix)(2). ICANN Policy ¶ 4(a)(ii) because Respondent had no business under the GOOGLE name at the time it adopted it, and because Respondent expanded its use of that name into several domains that begin with the GOOGLES mark, and into children's activities, after notice of Complainant's rights.

On information and belief, Respondent Google Inc. acquired the domain google.com on or about September 1998 from Respondent's predecessor in interest, Larry Page. On information and belief, Respondent conducted a full trademark search and domain names search prior to its acquisition of the google.com domain. Accordingly, Respondent had actual knowledge of Complainant's rights when it acquired the domain google.com. Respondent's rights when it acquired the domain names that incorporate "google" also occurred after actual notice of registration of the domain names that incorporate "google" also prevents Respondent Complainant's rights. Such bad faith registration and use of domain names in the domain names N.C.P. Marketing Group, from establishing rights or legitimate interests in the domain names AB v. MWD, James Inc. v. Entredomains, WIPO Case No. D2000-0847; Young Genius Software Inc. v. Young Genius Software AB v. MWD, James Vargas, WIPO Case No. D2000-591 (respondent had no rights or legitimate interests in the younggenius.com domain name where the "exercise of normal prudence before adopting the domain name at issue would have put the Respondent on notice" of complainant's registration of YOUNG GENIUS trademark and registration and use of younggenius.se domain name).

4

Respondent's website was originally known as "BackRub." On information and belief, Respondent acquired the domain "google.com" prior to being commonly known as "Google." Thus, Respondent cannot demonstrate a legitimate interest in the domain name pursuant to ICANN Policy ¶ 4(c)(ii), which requires that Respondent was commonly known by the domain name by third parties *before* the domain name was registered. See, e.g., *Compañía de Radiocomunicaciones Móviles S.A. v. Bolivhas*, WIPO Case No. D2000-0915 (registrant who was not commonly known by domain name prior to registration had no right or legitimate interest in domain name); *Kabushiki Kaisha Isetan v. Stars Web Int'l*, WIPO Case No. D2001-0732 (where Respondent not known by disputed domain name until after it had been registered, Respondent could not rely on fact that its corporate name was the same as the disputed domain name to demonstrate legitimate interest). Likewise, evidence that Respondent may have become known by the name "google" *after* google.com was registered cannot satisfy ICANN Policy ¶ 4(c)(ii). *See Sr. Joe v. Orgatech Ltd.*, WIPO Case No. D2000-1588 ("Respondent's contention that it has become known by the disputed domain name by reason of its use of that domain name for its web site" cannot demonstrate a legitimate interest under ¶ 4(c)(ii)).

Respondent's use of Complainant's mark is intended for commercial gain. It is likely to confuse consumers as to the source of Complainant's services and is likely to divert consumers from Complainant's website. This is known as "reverse confusion" and it is especially troubling in this case because it could cause young children to be subject to inappropriate information on Respondent's website. On information and belief, this is already occurring as judged by the thousands of emails Complainant's exclusive licensee has received, many of which evidence confusion with Respondent. Upon information and belief, Complainant has clear priority for its GOOGLES mark which was first used at least as early as 1994, well before Respondent's first use of the GOOGLE mark in September 1997, the date of first use stated in Respondent's Registration No. 2,806,075 for the services in Class 38 and 42. Certainly, Complainant has never had legitimate rights to use the domain names here in issue in connection with a website for children or goods or services for children.

[c.]    The following circumstances indicate Registration and Use in Bad faith under ICANN Policy ¶ 4(a)(iii):

**RESPONDENT REGISTERED ITS DOMAIN NAMES IN WANTON AND WILLFUL DISREGARD OF COMPLAINANT'S EXISTING TRADEMARK RIGHTS**

Complainant's application to register GOOGLES in the U.S.P.T.O. matured to registration on August 12, 1997 and has since become incontestable. On information and belief, Respondent had constructive and actual knowledge of Complainant's rights when it acquired its domain name google.com after the date of its registration, September 15, 1997, and when it registered its more recent domain names googlesadwords.com (August 26, 2003), googlesadsense.com (September 11, 2004) and googles-adwords.com (February 21, 2004). Thus, respondent knew or should have known of Complainant's trademark and domain name at the time it proceeded to acquire or register its domain names.

5

The element of bad faith is presumed if Respondent has actual knowledge of a mark that is likely to confuse or should have known about it. See *QNX Software Systems Ltd. v. Future Media Architects, Inc. and Thanapon KAL-Ghanim*, WIPO Case No. D2003-0921, in which the panel found that because the disputed domain name was registered with knowledge of Complainant's mark, the disputed domain name was registered in bad faith. See also *SportsSoft Golf, Inc. v. Hale Irwin's Golfers' Passport*, NAF Case No. FA94956, in which a finding of bad faith was made where the Respondent "knew or should have known" of the registration and use of the trademark prior to registering the domain name. Likewise, bad faith was found in *Marriott International, Inc. v. John Marriott*, NAF Case No. FA94737; *Canteen L.L.C./Aventis Behring L.L.C. v. Elsitech.com*, NAF Case No. FA95037. In *Fiber-Shield Industries, Inc. v. Fiber Shield Ltd.*, NAF Case No. 92054, the Respondent registered the disputed domain with actual awareness of the Complainant's confusingly similar prior registration. The Panel found that such actual awareness, coupled with inferior trademark rights, was sufficient for a finding of bad faith.

In similar circumstances here, the registration of google.com was acquired either with actual awareness of the GOOGLES brand, which had been in use for a number of years and which had awareness of the GOOGLES brand, which had been in use for a number of years and which had already achieved federal trademark registration that would have been revealed by a standard trademark search. Complainant's registration of the mark on the Principal Register at the PTO establishes a presumption of validity of the mark in U.S. law. 15 USCS § 1057(b). See, e.g., *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999). These are sufficient facts to establish bad faith.

Bad faith can also be shown by constructive notice of a mark likely to be confused with the contested domain. *Pivotal Corporation v. Discovery Street Trading Co. Ltd.*, WIPO Case No. D2000-0648; *J. Crew International, Inc. v. crew.com*, WIPO Case No. D2000-0054. In the present case, Respondent is charged with having constructive notice of Complainant's GOOGLES mark from the date of its registration in August 1997. *The Step2 Company v. Softatic.com Corp.*, WIPO Case No. D2000-0393, citing *15 USC §1972* which provides:

Registration of a mark on the principal register provided by this chapter or under the Act of March 3, 1881, or the Act of February 20, 1905, shall be constructive notice of the registrant's claim of ownership thereof.

Respondent was on notice when it registered domains that were confusingly similar to the federally protected mark GOOGLES. Despite the above known and imputed rights of the GOOGLES mark, Respondent still chose to go forward with the acquisition of the registration of the domain google.com, and with registration of the other three domains that incorporate the GOOGLES mark, in wanton and reckless disregard of Complainant's prior trademark rights in GOOGLES mark. Such actions more than satisfy the requirements of ¶ 4(a)(iii).

Nevertheless, there are additional circumstances that indicate Respondent was operating and continues to operate in bad faith.

6

## RESPONDENT HAS STARTED TO EXPAND INTO THE CHILDREN'S FIELD PREVIOUSLY OCCUPIED BY COMPLAINANT

Complainant and those authorized by it for many years have been using the trademark GOOGLES in connection with a website for children, children's books, t-shirts for children and stickers, among other things. Respondent has started to offer on its website products such as GOOGLE GOO (a stretchy ball of blue fun) and LITTLE GOOGLER (a tie-dye t-shirt), and it has reportedly entered into an agreement with a book publisher to create electronic books for children including an e-encyclopedia featuring an abundance of bright, colorful images, accompanied by minimal amount of text, for use by children. Furthermore, on September 18, 2001, respondent filed application Serial No. 76/314,783 to register GOOGLE in the U.S.P.T.O. as a trademark for "books, namely children's books" and "children's clothing, namely, t-shirts" among other things (Complainant's exclusive licensee has opposed this application). Despite the fact that Complainant's book and website related to alien characters named GOOGLES, Respondent showed little green aliens trying to abduct the Google logo-on Respondent's website sometime prior to May 5, 2000 (when an article about it appeared in the Washington Post). Respondent's website has a directory specifically for "Kids and Teens" with links to other websites that may or may not be child-safe.

Thus, Respondent's bad faith is evident from its use of the google.com domain name and the trademark GOOGLE in the children's field, the very field first occupied by Complainant using the domain name googles.com and the trademark GOOGLES.

## RESPONDENT MADE FALSE STATEMENTS TO THE DOMAIN REGISTRAR AND THE U.S.P.T.O.

Using another's mark for a domain, and stating in the domain name registration contract that registrant was not infringing on another's rights, is evidence of bad faith. See *Sun Chronicle v. Web Solutions, Inc.*, NAF Case No. 94895 (where respondent who was aware of complainant's rights in the mark represented to registrar that domain name registration "will not infringe upon or otherwise violate the rights of any third party," the panel found it "reasonable to infer that this representation was false when made and that Respondent acted in bad faith in registering the domain name."). See also *Young Genius Software AB v. MWD, James Vargas, WIPO Case No. D2000-0591* and *Step-Tone Entertainment*, in which the Panel held:

In proceeding to register and use the domain name, "sound_choice. com", Respondent has failed to discharge its contractual obligation to determine that its domain name does not infringe the rights of a third party. Certainly, Respondent knew that the domain name "soundchoice.com" was unavailable and, thus, had notice that there was a third party with an interest in the name "soundchoice". Because Respondent had notice of a third party's interest in the domain name "soundchoice", Respondent had the obligation to investigate the extent of that interest and to refrain from registering and using a domain name that infringes that third party's rights. Respondent failed to do so. Thus, the domain name, "sound_choice.com" should be considered as having been registered and being used in bad faith. *Step-Tone Entertainment Corporation d/b/a*

7

*Sound Choice Accompaniment Tracks v. Sound Choice Disc Jockeys, Inc.*, NAF Case No. 2002000093636.

Upon information and belief, Respondent's domain registration agreement provided in part that:

the domain name registrant represents and warrants to the domain name registrar that to the registrant's knowledge, the registration of the domain name will not infringe upon or otherwise violate the rights of any third party.' Further the Registrant was also charged with the responsibility to "determine whether your domain name registration infringes or violates someone else's rights."

As in *Slep-Tone Entertainment*, when Respondent registered the domain name google.com, and the other domains here complained of, Respondent was on notice of Complainant's rights in the virtually identical domain google.com and its registered trademark GOOGLES.

Respondent also chose to disregard Complainant's rights, and instead filed a trademark application in the U.S.P.T.O. for the GOOGLE mark for goods that include identical goods to those of Complainant. Again, Respondent made false statements when it filed its trademark application (which is now subject to an opposition proceeding by Complainant), declaring under penalty of perjury that:

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that... he/she believes applicant to be entitled to use such mark in commerce; that to the best of his/her knowledge and belief no other person, firm, **corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true, and that all statements made on information and belief are believed to be true.** (Emphasis added).

As in *Slep-Tone Entertainment*, *Id.*, Respondent's continued course of conduct in making false representations to the domain registrar and the U.S.P.T.O. as to Respondent's claim of right in the GOOGLE mark should be considered as its having registered and used the domain in bad faith.

## RESPONDENT HAS IGNORED COMPLAINANT'S ATTEMPTS AT COMMUNICATION FOR SETTLEMENT

Sometime in 1998 or 1999, Complainant attempted to contact Larry Page, one of the creators of Respondent's website, to discuss mutual ways they could benefit one another. Complainant never heard back from Mr. Page or anyone else in the Respondent's organization. On August 12, 2001, Complainant again tried to contact Mr. Page by email to find a feasible way for both companies to co-exist and to refer confused visitors to the proper sites. Again, Complainant

never heard back from Respondent. In fact, Respondent completely ignored all attempts by Complainant to communicate with Respondent until approximately 3 months before the date of this Complaint when some discussions commenced with outside trademark counsel for Complainant when some discussions appear to have ended. Such failure to respond to Complainant over a period of about 5 years is further evidence of bad faith. See *Six Continents Hotels, Inc. v. Damir Kruzicevic*, WIPO Case No. 2002-0674. ("The Respondent also failed to respond to the Complainant's letters and emails. Failure to respond is another sign of bad faith use.") See also *AutoNation, Inc. v. Paul Schaefer*, WIPO Case D2001-0289, ("The Respondent's failure to respond positively to a Complainant's efforts to make contact provides "strong support for a determination of 'bad faith' registration and use."), quoting *Encyclopaedia Britannica, Inc. v. Zuccarini*, WIPO Case No. D2000-0330.

## CONCLUSION

When the foregoing actions are considered together—Respondent's utter disregard for the existing domain name and trademark rights of Complainant, Respondent's expansion into the identical field first occupied by Complainant, Respondent's false statements concerning its rights, and Respondent's prolonged ignoring of Complainant's attempts to discuss settlement—it is apparent that Respondent has acted in bad faith.

[6.]   REMEDY SOUGHT

The Complainant requests that the Panel issue a decision that the domain-name registrations be transferred to Complainant. ICANN Policy ¶ 4(i).

[7.]   OTHER LEGAL PROCEEDINGS

Cancellation Nos. 92043496 and 92043737 in the U.S.P.T.O.; Opposition No. 91162251 in the U.S.P.T.O. ICANN Rule 3(b)(xi).

[8.]   COMPLAINT TRANSMISSION

Complainant asserts that a copy of this Complaint, together with the cover sheet as prescribed by NAF's Supplemental Rules, has been sent or transmitted to the Respondent (domain-name holder), in accordance with ICANN Rule 2(b). ICANN Rule 3(b)(xii); NAF Supp. Rule 4(c).

[9.]   MUTUAL JURISDICTION

The Complainant will submit, with respect to any challenges to a decision in the administrative proceeding cancelling or transferring the domain name, to the jurisdiction of the courts of Santa Clara County, California, location of Respondent at time of the submission of this complaint. ICANN Rule 3(b)(xiii).

[10]   CERTIFICATION

Complainant agrees that its claims and remedies concerning the registration of the domain name, the dispute, or the dispute's resolution shall be solely against the domain-name holder and waives all such claims and remedies against (a) the National Arbitration Forum and panelists, except in the case of deliberate wrongdoing, (b) the registrar, (c) the registry administrator, and (d) the Internet Corporation for Assigned Names and Numbers, as well as their directors, officers, employees, and agents.

Complainant certifies that the information contained in this Complaint is to the best of Complainant's knowledge complete and accurate, that this Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Complaint are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.

Dated November 2, 2004.

Respectfully submitted,

Yano Rubinstein, Esq.
SUMMERS RUBINSTEIN
A Professional Law Corporation
Attorneys for Complainant

*Exhibits attached herein.  ICANN Rule 3(b)(xv).*

10

## Schedule of Exhibits

| Exhibit | Description |
|---|---|
| Exhibit A | Outside back cover of the book entitled *Google and the Planet of Goo* |
| Exhibit B | Googles design patent issued on September 1, 1998 |
| Exhibit C | Incontestable GOOGLES & Design trademark issued on August 12, 1997 |
| Exhibit D | Googles pending intent-to-use trademark application filed on May 17, 2004 |



# United States Patent [19]

**Silvers**

[11] Patent Number: **Des. 397,543**
[45] Date of Patent: **\*\*Sep. 1, 1998**

[54] **TENNIS SHOE**

[76] Inventor: Steven A. Silvers, 1751 Colgate Pl., Union, N.J. 07083

[\*\*] Term: 14 Years

[21] Appl. No.: 35,610

[22] Filed: Mar. 3, 1995

[51] LOC (6) Cl. ........................................ 02-04
[52] U.S. Cl. ........................... D2/902; 897, 907,
[58] Field of Search ................ D2/902, 897, 907,
D2/896, 969, 970; 36/45, 83, 84, 102–107,
112–115, 136, 132

[56] **References Cited**

**U.S. PATENT DOCUMENTS**

D. 266,568  11/1982  Dalton .......................... D2/969
D. 304,593   7/1989  Jonah ........................... D2/969

D. 302,898   8/1989  Greenberg ...................... D2/969
D. 315,633  10/1991  Nakeo ......................... D2/970
D. 339,446   9/1993  Turpen ......................... D2/970
D. 343,474  11/1993  Wilson ......................... D2/907

*Primary Examiner*—Debi V. Coles

[57] **CLAIM**

The ornamental design for a tennis shoe, as shown and described.

**DESCRIPTION**

FIG. 1: is a top view of the tennis shoe embodying my design;
FIG. 2: is a right side view thereof;
FIG. 3: is a left side view thereof;
FIG. 4: is a rear view thereof;
FIG. 5: is a front view thereof; and,
FIG. 6: is a bottom view thereof.

**1 Claim, 4 Drawing Sheets**



U.S. Patent    Sep. 1, 1998    Sheet 1 of 4    **Des. 397,543**

Fig. 1

ClibPDF - www.fastio.com

U.S. Patent

Sep. 1, 1998

Sheet 3 of 4

Des. 397,543



Fig. 4



Fig. 5

U.S. Patent

Sep. 1, 1998

Sheet 2 of 4

Des. 397,543



Fig. 2



Fig. 3

U.S. Patent     Sep. 1, 1998     Sheet 4 of 4     Des. 397,543



Fig. 6

Latest Status Info

LAST APPLICANT(S)/OWNER(S) OF RECORD

1. SILVERS, STEVEN A.

Address:
SILVERS, STEVEN A.
3741 N.E. 163RD STREET SUITE 325
NORTH MIAMI BEACH, FL 33160
United States
Legal Entity Type: Individual
Country of Citizenship: United States

GOODS AND/OR SERVICES

International Class: 016
children's books
First Use Date: 1994-06-00
First Use In Commerce Date: 1996-06-00

Basis: 1(a)

ADDITIONAL INFORMATION

(NOT AVAILABLE)

MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

PROSECUTION HISTORY

2004-09-30 - Cancellation Instituted No. 999999

2004-08-30 - TEAS Change of Correspondence Received

2003-06-28 - Section 8 (6-year) accepted & Section 15 acknowledged

2003-03-26 - Section 8 (6-year) and Section 15 Filed

Latest Status Info

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2004-11-02 21:52:24 ET

Serial Number: 75150767 Assignment Information

Registration Number: 2087590 Assignment Information

Mark

GOOGLES

☐

(words only): GOOGLES

Standard Character claim: No

Current Status: A cancellation proceeding has been filed at the Trademark Trial and Appeal Board and is now pending.

Date of Status: 2004-09-30

Filing Date: 1996-08-02

Transformed into a National Application: No

Registration Date: 1997-08-12

Register: Principal

Law Office Assigned: LAW OFFICE 106

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov

Current Location: 900 -File Repository (Franconia)

Date In Location: 2004-10-07

2003-03-26 - PAPER RECEIVED

1997-08-12 - Registered - Principal Register

1997-05-20 - Published for opposition

1997-04-18 - Notice of publication

1997-03-21 - Approved for Pub - Principal Register (Initial exam)

1997-03-04 - Communication received from applicant

1997-02-21 - Non-final action mailed

1997-02-14 - Case file assigned to examining attorney

1996-10-09 - Communication received from applicant

## CORRESPONDENCE INFORMATION

**Correspondent**
IRA C. EDELL (Attorney of record)

SILVERS, STEVEN A.

3741 N.E. 163RD STREET SUITE 325
NORTH MIAMI BEACH, FL 33160

**Phone Number:** 954-445-6788

Latest Status Info

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2004-11-02 21:55:10 ET

Serial Number: 78420234

Registration Number: (NOT AVAILABLE)

Mark

GOOGLES

☐

(words only): GOOGLES

Standard Character claim: Yes

Current Status: Newly filed application, not yet assigned to an examining attorney.

Date of Status: 2004-05-24

Filing Date: 2004-05-17

Transformed into a National Application: No

Registration Date: (DATE NOT AVAILABLE)

Register: Principal

Law Office Assigned: LAW OFFICE 116

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov

Current Location: DOC -Centralized Docket

Date In Location: 2004-06-09

---

Latest Status Info

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Steven A. Silvers

**Address:**
Steven A. Silvers
8983 Okeechobee Blvd. Suite 202 P. O. Box 203;
West Palm Beach, FL 33411
United States
Legal Entity Type: Individual
Country of Citizenship: United States

## GOODS AND/OR SERVICES

**International Class: 042**
Computer services, namely providing e-mail services; multiple user access to computer networks for the transfer and dissemination of a wide range of information; providing a wide range of general interest information via online bulletin boards and via multi user computer networks
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

Basis: 1(b)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2004-09-15 - TEAS Change of Correspondence Received

2004-05-25 - PAPER RECEIVED

2004-05-25 - New Application Entered In Tram

## CORRESPONDENCE INFORMATION

file://C|/Documents%20and%20Settings/Summers%20Rahimtula/Desktop/Exhibit%20D.htm (1 of 3) 11/2/2004 10:55:35 AM

file://C|/Documents%20and%20Settings/Summers%20Rahimtula/Desktop/Exhibit%20D.htm (2 of 3) 11/2/2004 10:55:35 AM

Latest Status Info

**Correspondent**
Laurence R. Heftor (Attorney of record)

Steven A. Silvers
Silvers Entertainment Group, Inc.
8983 Okeechobee Blvd. Ste. 202, PMB 203
West Palm Beach FL 33411

**Phone Number:** 9540-445-6788
**Fax Number:** 202-408-4400

# Exhibit F



NATIONAL

ARBITRATION

FORUM

Steven A. Silvers )
8983 Okeechobee Blvd. )
Suite 202 )
PMB 203 )
West Palm Beach, FL 33411 )
)
**(Complainant)** )
)
v. )
)
Google Inc. )
2400 East Bayshore Parkway, )
Mountain View, California )
94043 )
)
Google Inc. )
1600 Amphitheatre Parkway, )
Mountain View, California )
94043 )
)
)
**(Respondent)** )
——————————————————)

**Domain Names In Dispute:**
google.com
googlesadsense.com
googlesadwords.com

Case No.: FA0411000360710

## INTRODUCTION

This Submission is in response to the "NOTICE OF WITHDRAWAL OF

COMPLAINT" ("Withdrawal") received November 12, 2004, purportedly on behalf of

Mr. Steven A. Silvers ("Silvers"), by his attorney, Ms. Gail McQuilken ("McQuilken"),

to effect a withdrawal of the Complaint captioned "Steven A. Silvers v. Google, Inc." and assigned Case No. FA0411000360710 ("Complaint").

### THE WITHDRAWAL HAS NO EFFECT UNDER THE AGREEMENT

The Withdrawal must be considered null and given no effect.   In 2002, Silvers entered into an exclusive License Agreement ("Agreement")(Attached as Exhibit "A") with Stelor for the rights to numerous federal trademarks, service marks, websites and domain names, collectively, (GOOGLES IP), including but not limited to:  U.S. Trademark GOOGLES and Design (Reg. No. 2,087,590); and domain name: "Googles.com" (See Declaration of Steven A. Esrig, "hereinafter Esrig Decl." para. 2, attached hereto and incorporated by reference as Exhibit "B").

The Agreement provides in relevant part that:

**"LICENSOR [Silvers] hereby grants LICENSEE [Stelor] an irrevocable power of attorney for the initial and any subsequent terms of this Agreement to act for and on LICENSOR'S behalf and instead of LICENSOR, at LICENSEE'S expense, to execute and file any such document(s) and to do all other lawfully permitted acts to further the purposes of the foregoing with the same legal force and effect as if executed by LICENSOR.** (See Exhibit "A," Sec. VIII, para. A).

The Agreement also provides that:

**"LICENSEE shall have the sole right...to take any and all actions against third persons to protect the Intellectual Property Rights"** (See Exhibit "A," Sec. XI, para. A).

As authorized in its exclusive rights under the Agreement to enforce the GOOGLES IP, Stelor has retained only the Law firm of SUMMERS RUBINSTEIN, P.C., and attorney

Yano Rubinstein, Esq., to file the UDRP Complaint captioned "Steven A. Silvers v. Google, Inc." and assigned Case No. FA0411000360710. (See Exhibit "B" para. 6). Under the terms of the Agreement, only Stelor has the right to take action to protect the GOOGLES IP (See Esrig. Decl. at para. 5). Accordingly, only Stelor (the Licensee), not Mr. Silvers (the Licensor), would have the authority to withdraw the Complaint. (See Exhibit "B" at para 7).

**STELOR HAS THE RIGHT**

**TO BRING THE ACTION IN SILVERS' NAME**

The Agreement specifies in relevant part that Stelor may **"act for and on LICENSOR'S behalf and instead of LICENSOR...with the same legal force and effect as if executed by LICENSOR."** (See Exhibit "A," Sec. VIII, para. A). In the Complaint, Stelor has acted as provided for in the Agreement. Accordingly, Stelor has the right to bring the Complaint in Silvers' name. Stelor notes that a federal action has been filed in the U.S. District Court for the Southern District of Florida requesting that Silvers and his counsel be enjoined from interfering with his contractual obligation under the Agreement (the "Injunction")(See Exhibit "C"). Stelor expects the Court to rule on the Injunction within the next week.

## CONCLUSION

Given the above, the unauthorized Notice of Withdrawal filed by McQuilken must be disregarded. The Complainant respectfully requests that the Complaint be commenced according to Rule 4(C) of the Rules for Uniform Domain Name Dispute Resolution Policy.

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was served via email and facsimile on this 14th day of November, 2004, upon counsel for Respondent, Mr. Andrew P. Bridges, Esq., 101 California Street, San Francisco, California 94111. A courtesy copy has also been sent via facsimile to Ms. Gail McQuilken, Esq.

Dated November 14, 2004.

Respectfully submitted,

Yano Rubinstein, Esq.
SUMMERS RUBINSTEIN
A Professional Law Corporation
Authorized Attorneys for Complainant

*Exhibits attached herein.*