UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80954-CIV-HURLEY/HOPKINS

STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS,

        Defendant,
_____/

**NOTICE OF FILING DECLARATION OF YANO L. RUBINSTEIN**

PLEASE TAKE NOTICE that Plaintiff, by and through undersigned counsel, hereby files the Declaration of Steven A. Esrig.

RESPECTFULLY SUBMITTED,

Yano L. Rubinstein, Esq.
Summers Rubinstein
580 California Street
Suite 1600
San Francisco, CA 94104
Telephone: (415) 439-4816
Facsimile: (415) 651-9853

-and-

BURLINGTON, WEIL, SCHWIEP,
KAPLAN, & BLONSKY, P.A.
2699 South Bayshore Drive
Penthouse
Miami, Florida 33133
Telephone: (305) 858-2900
Fax: (305) 858-5261

By: _____
KEVIN C. KAPLAN
Fla. Bar No. 933848

dockets.Justia.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served by facsimile on December 14, 2004 and by U.S. Mail on December 15, 2004 to:

Gail A. McQuilkin, Esq.  
Kozyak Tropin & Throckmorton, P.A.  
2525 Ponce de Leon  
9th Floor  
Miami, Florida 33134

Adam Rabin, Esq.  
Dimond, Kaplan & Rothstein, P.A.  
Trump Plaza, Suite 200  
525 South Flagler Drive  
West Palm Beach, FL 33401

_____  
Kevin C. Kaplan

2

BURLINGTON · WEIL · SCHWIEP · KAPLAN (&) BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133  
T: 305.858.2900 F: 305.858.5261  
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80954 -CIV-HURLEY/HOPKINS

STELOR PRODUCTIONS, INC.,
    Plaintiff,

vs.

STEVEN A. SILVERS
    Defendant.

_____

### DECLARATION OF YANO L. RUBINSTEIN

I, Yano L. Rubinstein, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and represent Stelor Productions, Inc. ("Stelor") in the above-captioned matter. The facts stated herein are based upon my own personal knowledge

2. On December 13, 2004, I defended Steven A. Esrig, CEO of Stelor, at his deposition by Defendant subject to the court's order ordering discovery relative to the above-captioned case.

3. At the conclusion of the deposition, I. spoke to Defendant's counsel, Ms. Gail McQuilken to coordinate the deposition of the defendant. Mr. Steven A. Silvers.

4. During my conversation with Ms. McQuilken, I stated that I would be taking Mr. Silvers' deposition on December 14, 2004, at 9:30 AM. I stated that I would have an associate from my San Francisco office present and requested that adequate space be provided for the additional person.

5. Ms. McQuilken stated that the deposition would take place in a conference room that would be "cozy," and acknowledged that she would see me on December 14, 2004 for Defendant's deposition.

6. I spoke to co-counsel for defendant, Mr. Adam Rabin, Esq., discussing whether or not tomorrow's deposition would occur at 11:00 a.m. or 9:30 a.m.. I informed Mr. Rabin that I would be conducting the deposition at 9:30 a.m.

7. On November 16, 2004 I caused to be filed a Withdrawal of Power of Attorney Under 37 C.F.R. § 2.19 in the TTAB (attached hereto as Exhibit "A").

8. On October 24, 1999 a UDRP proceeding was commenced in the National Arbitration Forum by Stelor against Google Inc. (attached hereto as Exhibit "B"). I represent Stelor in this pending UDRP proceeding. At no time was an action commenced against Google Inc. wherein Mr. Silvers was the named Complainant. Although I did attempt to file an action in Silver's name, and on his behalf, at the behest of Stelor, Ms. McQuilkin objected and the UDRP was ultimately filed and commenced in the name of Stelor alone.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge, information and belief.

Yano L. Rubinstein, Esq.

# Exhibit A

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Registrant: | Steven A. Silvers | |
| Registration No: | 2,087,590 | |
| Issued: | August 12, 1997 | |
| Mark: | **GOOGLES & Design** | |
| Docket No: | 92043737 | |

Box TTAB, No Fee,
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451

CERTIFICATE OF MAILING UNDER 37 C.F.R. § 1.8 (a)

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Box TTAB, No Fee, Commissioner for Trademarks, P.O. Box 1451 Alexandria, VA  22313-1451 on November 16, 2004.

Trevor A. Caudle

## WITHDRAWAL OF POWER OF ATTORNEY UNDER 37 C.F.R. §2.19

Dear Sir or Madam:

Pursuant to 37 C.F.R. §2.19 and 37 C.F.R. §10.4 , appointed counsel for Registrant requests the Director to permit the withdrawal of Yano L. Rubinstein, of SUMMERS RUBINSTEIN APLC, as counsel of record. The reason for this motion is due to Registrant's discharge of counsel. Registrant's last known address is 2495 Sailfish Cove Drive, West Palm Beach, Florida 33411-1823

Dated:  November 16, 2004

Respectfully submitted,

By: Yano L. Rubinstein

SUMMERS RUBINSTEIN
A Professional Law Corporation
580 California Street, Suite 1600
San Francisco, CA  94104

Telephone:  415.439.4816
Fax:  415.651.9853
Email:  yano@sumrub.com

## Summers Rubinstein
A Professional Law Corporation

580 California Street
16th Floor
San Francisco, California 94104

Direct Dial: 415.439.4816
Fax: 415.651.9853
E-Mail: yano@sumrub.com

**TTAB**



11-22-2004
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #11

November 16, 2004

*Via First Class Mail*
Commissioner for Trademarks
P.O. Box 1451
Alexandria, Virginia 22313-1451

Re: Google, Inc. v. Steven A. Silvers
United States Patent and Trademark Office
Trademark Trial and Appeal Board
Cancellation No. 92043737

Dear Sir or Madame,

Please find enclosed for filing, the Withdrawal of Power of Attorney Under 37 C.F.R. § 2.19 filed today in the above-captioned matter.

Sincerely,

Yano L. Rubinstein

YR:hdb

Enclosures

CERTIFICATE OF MAILING UNDER 37 C.F.R. § 1.8 (a)

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Box TTAB, Fee, Commissioner for Trademarks, PO Box 1451, Alexandria, Virginia 22313-1451 on November 16, 2004.

Trevor A. Caudle          Dated: 11/16/04

STLR0002

# Exhibit B



## NATIONAL ARBITRATION FORUM

### COMPLAINT NOTIFICATION INSTRUCTIONS

### Forum Case Number FA0411000360710

1. **Notification.** You are hereby notified that an administrative proceeding has been commenced against you pursuant to the Uniform Domain Name Dispute Resolution Policy, adopted by the Internet Corporation for Assigned Names and Numbers (ICANN) on October 24, 1999 (Policy) (http://www.icann.org/udrp/udrp-policy-24oct99.htm). It concerns domain name(s) that are currently registered and being used by you. The Policy is incorporated by reference into your Registration Agreement with the Registrar(s) of your domain name(s). When you registered your domain name(s) you also agreed to submit to and participate in a mandatory administrative proceeding in the event that a third party (Complainant) submits a Complaint to an ICANN-approved dispute resolution service provider (http://www.icann.org/udrp/approved-providers.htm) concerning a domain name registered and being used by you.

2. **Date Complaint Received.** The Complaint was submitted by **Stelor Productions, Inc.** and was received on **11/8/2004** by the National Arbitration Forum (Forum). A copy of the Complaint accompanies this notification.

3. **Formal Requirements Compliance Review.** In accordance with Paragraph 4(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (Rules) (http://www.icann.org/udrp/udrp-rules-24oct99.htm) and Paragraph 4 of the Forum's Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (Supplemental Rules) (http://www.arb-forum.com/domains/domain-rules.html) the Forum has verified that the Complaint satisfies the formal requirements of the Policy, Rules, and Supplemental Rules. Payment in the required amount to the Forum has been made by the Complainant.

4. **Commencement of Administrative Proceeding.** In accordance with Rules, Paragraph 4(c), the formal date of the commencement of the administrative proceeding is **11/19/2004**.

5. **Deadlines.** Within 20 days from the commencement date, the Forum must receive, a Response and all exhibits according to the requirements that are described in The Rules, Paragraph 5 and the Supplemental Rules. You must also serve these on the Complainant. Your Response and exhibits must be received by the Forum by **12/9/2004**. In the event the Complainant elects to have the dispute heard before a single-member Administrative

Panel, and you elect to proceed with a three-member Administrative Panel, this is also the date by which you <u>must</u> make the required additional payment.

6. **Default.** If your Response and/or required payment are not received by the above date, you will be considered in default. We will still appoint an Administrative Panel to review the facts of the dispute and to decide the case. The Administrative Panel will not be required to consider a late-filed Response, but will have the discretion to decide whether to do so and, as provided for by Rules, Paragraph 14, may draw such inferences from your default as it considers appropriate. There are other consequences of a default, including no obligation on our part to consider any designations you have made concerning the appointment of the Administrative Panel or to observe any guidelines you have provided concerning case-related communications.

7. **Administrative Panel.** The dispute between you and the Complainant will be decided by an Administrative Panel consisting of either one or three impartial and independent decision makers who will be appointed by the Forum. The Complainant in this administrative proceeding has elected an Administrative Panel consisting of:
[ ] A Single Member    [ X] Three Members   See below:

**A Single Member Panel.** If the Complainant has selected the single-member option as indicated above, then the appointment of that Panelist will be made by the Forum from our published list of Panelists (http://www.arb-forum.com/domains/UDRP/rules.asp). We will appoint a Panelist within 5 calendar days of when your Response was received or the date your Response <u>was due</u>. The fees for this administrative proceeding have been paid in their entirety by the Complainant.

Despite the Complainant's election of a Single-Member Panel, you can still choose to have the case decided by an Administrative Panel consisting of three members. If you choose this option, you will be required to pay half of the applicable fees for the Administrative Proceeding. The payment must be made at the time you submit your Response. Failure to submit the required payment at that time may, along with other considerations, may be taken as grounds for proceeding with a Single-Member Panel.

If you choose a three-member Administrative Panel and make the required payment when you submit your timely Response, you should indicate the names and contact details of three persons in your Response. These three persons can be selected from our published list or that of any other ICANN-accredited dispute resolution service provider http://www.icann.org/udrp/approved-providers.htm. We will try to appoint one of the three persons you have recommended to the Administrative Panel. If we are unsuccessful, we shall make an appropriate appointment from our published list. If you choose a three-member Administrative Panel, but do not provide us with the names and contact details of any candidates, we shall make the appointment from our published list.

Please note that if you choose a three-member Administrative Panel, the Complainant will also be requested to provide the names of three candidates who can be taken from our published list or that of any other ICANN-accredited dispute resolution service provider.

We will try to appoint one of these three persons to the Administrative Panel. If we are unsuccessful, we shall make an appropriate appointment from our published list. If the Complainant does not provide us with the names of its candidates, we shall make the appointment from our published list. Both you and the Complainant will be contacted concerning the procedures for the appointment of the Presiding Panelist (i.e., the third Panelist).

**Three-Member Administrative Panel.** If the Complainant has selected the three-member Administrative Panel option as indicated above, then the Complainant has provided us with the names and contact details of three candidates to serve on the three-member Administrative Panel. We will try to appoint one of these three candidates. If we are unsuccessful, we shall make the appointment from our published list of Panelists.

You are kindly requested to provide the names and contact details of three persons in your Response. These three persons can be taken from our published list or that of any other ICANN-accredited dispute resolution service provider (http://www.icann.org/udrp/approved-providers.htm). We will try to appoint one of the three persons you have recommended to serve on the Administrative Panel. If we are unsuccessful, we shall make an appropriate appointment from our published list. If you do not provide us with the names and contact details of any candidates, we shall make the appointment from our published list. Please note that the fees for the administrative proceeding have been paid in their entirety by the Complainant. Both you and the Complainant will be contacted concerning the procedures for the appointment of the Presiding Panelist (i.e., the third Panelist).

8. **Communications.** Your Response <u>must</u> be communicated to us according to the requirements of Rules, Paragraph 5(b) and Supplemental Rules, Paragraph 5 (i.e., one copy online or by e-mail and hard copy by fax or three or five sets of hard copies by mail). All case-related filings or submissions to the Forum after the submission of your Response <u>must</u> be made according to Supplemental Rules, Paragraph 7. In your Response you <u>must</u> indicate where and how you would like us to send case-related communications to you. Please provide only a single postal address, fax number, and e-mail address for you and, if applicable, your authorized representative for the dispute, otherwise we will use our discretion as to which contact details we will use.

All communications that are required to be made to the Complainant under the Rules and Supplemental Rules, including your Response, should be made according to the contact details and method(s) specified in the Complaint.

9. **Fees.** Payment of the required fee for a three-member Administrative Panel, an extension request or the submission of additional documents, <u>must</u> be submitted with your Response. Payment methods and other relevant details about fees can be found in Paragraph 6, 7 and 16 of the Supplemental Rules.

10. **The Administrative Proceeding.** If this case is to be decided by a single-member Administrative Panel, we shall appoint the Administrative Panel within five (5) calendar

days of when your Response was received or the date your Response <u>was due</u>. If the case is to be decided by a three-member Administrative Panel, we shall send to you and to the Complainant a list of five (5) candidates for the Presiding Panelist. You will each be offered the opportunity to strike two from that list. We shall make the appointment of the Presiding Panelist and take into consideration the preferences indicated by you and the Complainant.

The Administrative Panel will have 14 days from the date of its appointment to issue a decision in the case. Under normal circumstances, we will forward the decision to you, the Complainant, the concerned Registrar(s) and ICANN within three calendar days of receiving it from the Administrative Panel. The Registrar(s) will notify all parties concerned of the date that the decision will be implemented if the Registrar(s) does not receive notification and the required documentation from you in accordance with Paragraph 4(k) of the Policy. We will then post the decision on a publicly accessible web site, unless we have been directed not to by the Administrative Panel.

11. **Case Coordinators.** The Forum has appointed a Case Coordinator to be in charge of administering your case. Please note that, while the Case Coordinator is available to answer questions relating to such matters as filing requirements and to help you to understand the Policy, Rules and Supplemental Rules, the Coordinator cannot provide you with any legal advice or make any representations on your behalf.

| | |
|---|---|
| Case Coordinator: | Alexandra L Rosenbaum Johnson |
| Regular Mailing Address: | National Arbitration Forum<br>P.O. Box 50191<br>Minneapolis, MN 55405 USA |
| Fed-Ex Mailing Address: | National Arbitration Forum<br>500 Rosedale Towers<br>1700 West Highway 36<br>Roseville, MN 55113 USA |
| Telephone: | (800) 474-2371 |
| Fax No.: | (651) 604-6778 |
| E-Mail Address: | arosenbaum@arb-forum.com |

12. **Additional Information.** Additional information about the ICANN administrative procedure is available at http://www.icann.org and about the National Arbitration Forum at http://www.arbitration-forum.com. Online Response filing is available at www.arbitration-forum.com.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing, **DECLARATION OF YANO RUBINSTEIN**, was served on the party, Steven A. Silvers, through his attorney of record on this the 14th day of December, 2004 as follows:

### VIA FACSIMILE:

Gail M. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372.1800
Facsimile:   (305) 372.3508

By: _____
Trevor A. Caudle

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

GOOGLE INC.,
　　　　Opposer

v.

STEVEN A. SILVERS,
　　　　Applicant.

Cancellation No. **92043737**

Registration No. 2,806,075

## MOTION TO STRIKE NOTICE OF APPEARANCE AND ANSWER

　　Mr. Steven Silvers, Respondent, moves to strike the Appearance of Counsel and Answer filed by Yano Rubinstein on October 29, 2004. As shown in the attached affidavit of Mr. Silvers, Yano Rubinstein has not been retained by Mr. Silvers, had no authority to represent him, and has been advised that he is expressly unauthorized to act as Mr. Silvers' counsel.

　　Mr. Silvers has retained the undersigned to represent him in this action, and to file an Answer on his behalf. With Petitioner consent, we obtained an extension of time up through December 9, 2004 in which to file an Answer in this proceeding. Therefore, we request that the TTAB strike the Answer filed by Mr. Rubinstein, and any and all other pleadings, motions or notices filed by Mr. Rubinstein.

　　Respectfully submitted this 9th day of December, 2004.

Gail A. McQuilkin (FBN: 969338)
Kenneth R. Hartmann (FBN: 664286)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
T: 305-372-1800 / F: 305-372-3508

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 9th day of December, 2004, by first class mail on the following:

Andrew P. Bridges
Winston & Strawn LLP
101 California Street
San Francisco, California 94111

/246243.1

## USPTO

### DECLARATION OF STEVEN A. SILVERS

I, Steven Silvers, declare as follows:

1. My name is Steven A. Silvers. I am the owner of the federally registered trademark "GOOGLES & Design," Reg. No. 2,087,590 dated August 12, 1997, and related marks.

2. I have been advised that an attorney, Yano Rubenstein, claims to represent me and, purportedly on my behalf, has caused to be filed with the USPTO a petition to cancel the "Google" trademark, Registration No. 2,806,075.

3. I have never met or spoken with Yano Rubenstein. I have not retained him to act on my behalf in any manner, including providing legal services for me. I have not authorized him to initiate any proceedings on my behalf, nor to file the above-described action. In fact, Mr. Rubenstein filed the action without my knowledge.

4. It is my understanding that Mr. Rubenstein may have been retained by Stelor Productions ("Stelor"). Stelor is a licensee of the intellectual property described above. While the license granted Stelor allows it, in certain cases, to take steps to enforce the licensed intellectual property as to third parties, Stelor is not authorized to initiate proceedings on my behalf; nor is Stelor authorized to hire counsel on my behalf, except to fulfill its indemnification obligations to defend me in actions which do not relate to the licensed intellectual property.

5. In fact, I advised Stelor's lawyers, well before Stelor hired Yano Rubenstein to file the above-described action purportedly on my behalf, that Stelor had no authority to file legal actions on my behalf. As I told Stelor in an email to its counsel dated October 5, 2004 (attached as Exhibit "A").

"... I am putting Stelor on official notice through you, as their counsel, that you are to cease and desist any further representation of me in the ongoing litigation with Google, Inc., that is to include any pending, existing or future challenges you may have contemplated.

"... (U)nder no circumstances are you to initiate any proceedings on my behalf regarding the now pending administrative proceeding initiated by Google, Inc. against me.

6. To further ensure Stelor did not take any unauthorized action, purportedly on "my" behalf, I again advised Stelor's counsel on October 15, 2004 that I would be retaining my own lawyers or representing myself in any legal proceedings. (Exhibit "B").

7. I find it offensive that Stelor has hired a lawyer to represent me and that this lawyer filed a legal action on "my" behalf without my knowledge or consent. Stelor is in breach of its license agreement with me, and I am in the process of terminating Stelor's license. Apparently as a preemptive maneuver to delay termination, Stelor has sued me for breaching the license agreement. Stelor is adverse to me in light of its breach of our license agreement and the lawsuit it filed against me. It is egregious for Stelor, under these circumstances, to hire a lawyer to represent "my" interests. It is equally incomprehensible that a lawyer would represent me at Stelor's direction (and payment) under these circumstances.

I HEREBY DECLARE under penalty of perjury that I have read the foregoing Declaration and that the facts stated in it are true.

*Steven A. Silvers*   11/10/04
Steven A. Silvers