FILED
ELECTRONIC

Jan 18 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

STELOR PRODUCTION, INC.,

    Plaintiff,

v.

STEVEN A. SILVERS,

    Defendant.

_____

STEVEN A. SILVERS,

    Counter-Plaintiff,

v.

STELOR PRODUCTIONS, INC.

    Counter-Defendant.

_____

**CASE NO. 04-80954-CIV-HURLEY**
Magistrate Judge James M. Hopkins

## DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING MOOTNESS OF PRELIMINARY INJUNCTION MOTION

The circumstances surrounding this case have changed dramatically, rendering Stelor's motion for preliminary injunction moot. As explained below, the License Agreement on which Stelor has based its request for injunctive relief has been terminated, and as a result the motion for preliminary injunction must be denied.

    Prior to the lawsuit, Silver advised Stelor on numerous occasions that Stelor was in default of its obligations under the License Agreement.[1] After Stelor failed to respond, Silvers gave formal notice of the defaults to Stelor, activating a cure period. *See* Letter dated November 12,

---

[1] Silvers also filed a counterclaim in this action based on Stelor's defaults, reflecting his intention of terminating the License Agreement unless Stelor cured the defaults.

1

2004, copy attached as Exhibit "A." Stelor has thus had notice of Silvers' intention to terminate the License Agreement for over 60 days.

Incredibly, Stelor has failed to cure its defaults. Accordingly, Silvers has formally exercised his right to terminate the License Agreement. *See* Letter dated January 13, 2005, attached as Exhibit "B." The termination renders Stelor's request for injunctive relief moot.[2]

Stelor's complaint sets forth two counts: (i) breach of the License Agreement; and (ii) breach of the Consultant Agreement. Stelor's request for injunctive relief seeks to force Silvers to comply with these agreements, or to prohibit Silvers from "interfering" with alleged rights Stelor has under these agreements. Since neither agreement is now in effect, no basis exists to afford the injunctive relief Stelor seeks.

Silvers has already addressed the flaw in Stelor's request to compel specific performance of the Consultant Agreement, which expired by its terms last year.[3] The same flaw now applies to Stelor's request to require specific performance of the terminated License Agreement. Simply put, Stelor now has no rights on which to require Silvers to act under the License Agreement.

It is hornbook law that, once a contract has ended, the remedy of specific performance is unavailable.

> . . . [A]s the contract provides, the agreement of the parties has been terminated. The remedy of specific performance necessarily is based upon the theory that there is a contract extant which a court decree may direct to be performed. When, as in this case, the parties have stated in clear language that upon the happening of a certain event their contract is to be deemed cancelled and thereafter the event which they had in mind occurs, any claim for specific performance is inconsistent with the cancellation provisions of the contract.

---

[2] Even if Silvers had not exercised his right to terminate the License Agreement, Stelor would not be entitled to specific performance in view of its repeated and ongoing breaches. *See JNC Enterprises, Ltd. V. ICP1, Inc.*, 777 So.2d 1182 (Fla. 5th DCA 2001)(plaintiff's own default precluded specific performance); *Hooper v. Breneman*, 417 So.2d 315 (Fla. 5th DCA 1982)(plaintiff not entitled to specific performance in view of repeated breaches such as failure to make payments when due.)

[3] Silvers' Memorandum in Opposition to Stelor's Motion for Preliminary Injunction, at p. 5.

*Dillard Homes v. Carroll*, 152 So.2d 738, 740 (3d DCA 1963) (quotations and citations omitted. *See also, Collins v. Pic-Town Water Works, Inc.*, 166 So.2d 760, 762 (2d DCA 1964) ("Thus the contract was terminated and was no longer enforceable by injunction or specific performance.")

The extraordinary remedy of injunctive relief is particularly unavailable based on a terminated contract, because Stelor's sole remedy is for money damages, and thus it cannot show irreparable harm. For example, in *Jacksonville Elec. Auth. v. Beemik Bldrs. & Const., Inc.,* 487 So.2d 372 (1st DCA 1986), the defendant terminated a construction contract, and the contractor sought an injunction; the court found that, in light of the terminated contract, the contractor's sole remedy rested with damages, and that irreparable harm could not exist. Similarly, in *Airlines Reporting Corp. v. Incentive Int'l Travel, Inc.,* 566 So.2d 1377, 1379 (5th DCA 1990) the court vacated an injunction based on a terminated contract and remanded to determine whether the plaintiff's sole remedy - - money damages - - was available.

Once an agreement has expired or terminated, a court cannot, as a matter of law, enjoin a party to perform the agreement. *Florida Power Corp. v. Town of Belleair,* 830 So.2d 852, 854 (2d DCA 2002) (trial court cannot, by injunction, extend the terms of a contract after its expiration). Granting the relief sought by Stelor would violate this principle, by requiring Silvers to perform what he is allegedly required to do under expired and terminated agreements. Rather than maintain the status quo, such an injunction would radically disturb the status quo, by extending the terms of the agreements beyond their life spans.[4]

---

[4] Stelor will undoubtedly dispute Silvers' termination of the License Agreement, but that is an issue for another day and another lawsuit. And, an attempt to enjoin the termination is equally ill suited for injunctive relief. *Shearson Lehman Hutton, Inc. v. Meyer*, 561 So.2d 1331, 1332 (5th DCA 1990) (injunctive relief not available to prevent termination of agreement as only remedy is damages).

3

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor ■ Coral Gables, Florida 33134 ■ 305-372-1800

## CONCLUSION

Every aspect of the injunctive relief sought by Stelor is grounded on agreements which have expired or terminated. As a matter of law, Stelor cannot obtain injunctive relief based on these agreements, and its motion for preliminary injunctive relief is moot.

Respectfully submitted,

| | |
|---|---|
| Adam T. Rabin (Florida Bar No. 985635) | s/ Gail A. McQuilkin |
| arabin@dkrpa.com | Kenneth R. Hartmann (Florida Bar No. 664286) |
| DIMOND KAPLAN & ROTHSTEIN, P.A. | krh@kttlaw.com |
| 200 SE First Street, Suite 708 | Gail M. McQuilkin Florida (Bar No. 969338) |
| Miami, FL 33131 | gam@kttlaw.com |
| T: 305-374-1961 | KOZYAK TROPIN & THROCKMORTON, P.A. |
| Co-Counsel for Defendant/Counter-Plaintiff | 2525 Ponce de Leon, 9th Floor |
| | Coral Gables, Florida 33134 |
| | T: 305-372-1800 / F: 305-372-3508 |
| | Counsel for Defendant/Counter-Plaintiff |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail and E-mail this 18th day of January, 2005, to:

> Yano Rubinstein, Esq.
> Summers Rubinstein, P.C.
> 580 California Street, 16th Floor, San Francisco, California 94104
> E-mail: yano@sumrub.com

s/ Gail A. McQuilkin

3339/101/248712.1

# Exhibit A

LAW OFFICES
## Kozyak Tropin & Throckmorton, P.A.
2525 PONCE DE LEON • 9TH FLOOR
CORAL GABLES, FLORIDA 33134-6037

TELEPHONE (305) 372-1800
TELECOPIER (305) 372-3508

Via Federal Express
AWB#7927-7747-7745

November 12, 2004

Steven A. Esrig
Stelor Productions, Inc.
14701 Mockingbird Drive
Darnestown, Maryland 20874

    Re:    Silvers/Stelor License Agreement

Dear Mr. Esrig:

    We represent Steven Silvers, Licensor under that License, Distribution and Manufacturing Agreement dated June 1, 2002 ("Agreement"). Pursuant to paragraph IX-A of the Agreement, this serves as notice that Stelor has breached the Agreement and that Mr. Silvers will exercise his right to terminate the Agreement unless Stelor cures the following breaches within 60 days:

    a.    Failure to pay royalties under paragraph III (A);

    b.    Failure to provide a written certified royalty statement under paragraph III (C);

    c.    Failure to provide a list of all sub licenses under paragraph III (C);

    d.    Failure to use commercially reasonable efforts to promote, market, sell and distribute the Licensed Products under paragraph V (B)(iii);

    e.    Failure to accommodate Licensor's request to audit the books and records of Stelor made under paragraph IV (A) and (C);

    f.    Failure to provide samples of all Licensed Products you intend to manufacture and sell, and all promotional and advertising materials associated with those products under paragraph VI (C);

    g.    Failure to include appropriate legal notices with the Licensed Products under paragraph VI(A);

    h.    Failure to maintain the requisite level of quality for the Licensed Products under paragraph VI (B);

Page 2

    i. Failure to maintain Licensor's Intellectual Property Rights, namely failure to maintain the domain names googlegame.com, googlesgames.com, and googlegame.com, under paragraph VIII;

    j. Failure to register Licensor's Intellectual Property Rights in the name of Licensor, and instead registering copyrights and trademarks in Stelor's name;

    k. Failure to oppose trademark applications for the name Googles, and the domain name registration googles.org, and otherwise protect the Licensed Intellectual Property; and

    l. Unlawful use of the limited power of attorney granted under the Agreement, namely retaining counsel for Mr. Silvers without his knowledge or consent, filing an action in the name of Mr. Silvers to dispute Google, Inc.'s right to use the domain name google.com, and filing an answer in the name of Mr. Silvers in Cancellation Proceeding 92043737.

This also serves as notice under the Letter Agreement dated June 1, 2002, that Stelor has breached the Letter Agreement by its:

    a. Failure to pay Mr. Silvers consultancy fees and expenses;

    b. Failure to provide Mr. Silvers with an agreement granting him stock options for 1,000 shares of Stelor's stock;

    c. Making unauthorized statements and representations on behalf of Mr. Silvers; and

    d. Attempting to transfer, release and waive Mr. Silvers right, title, and interest in his intellectual property.

Pursuant to paragraph 1 of the Letter Agreement, Mr. Silvers will exercise his right to terminate the License, Distribution and Manufacturing Agreement unless Stelor cures these breaches within 30 days.

Very truly yours,

Gail A. McQuilkin

c: Steven A. Silvers
   Laurence Hefter

/245615.1

# Exhibit B

LAW OFFICES
## KOZYAK TROPIN & THROCKMORTON, P.A.
2525 PONCE DE LEON • 9TH FLOOR
CORAL GABLES, FLORIDA 33134-6037

GAIL A. MCQUILKIN
DIRECT DIAL (305) 377-0656
gam@kttlaw.com

TELEPHONE (305) 372-1800
TELECOPIER (305) 372-3508

Via Federal Express
AWB# 7914-4506-9106

January 13, 2005

Steven A. Esrig
Stelor Productions, Inc.
14701 Mockingbird Drive
Darnestown, Maryland 20874

    Re:    Silvers/Stelor License Agreement

Dear Mr. Esrig:

    As you know we represent Steven Silvers, Licensor under the License, Distribution and Manufacturing Agreement dated June 1, 2002 ("License Agreement"), and party to the Letter Agreement dated June 1, 2002 ("Letter Agreement"). On November 12, 2004 we served notice on Stelor that it was in breach of several material provisions of both the License Agreement and Letter Agreement, a copy of which is attached.

    Pursuant to paragraph 1(c) of the Letter Agreement, and paragraph IX-A of the License Agreement, this serves as notice that Mr. Silvers is exercising his option to terminate the License Agreement for Stelor's failure to cure its breach of the Letter Agreement within thirty (30) days, and breach of the License Agreement within sixty (60) days.

    Pursuant to paragraph X of the License Agreement, Stelor must immediately provide Mr. Silvers with a complete schedule of all inventory of Licensed Products on hand or on order. Stelor has six (6) months to continue to sell this Inventory in accordance with the License Agreement. So long as Stelor is actively selling its inventory of Licensed Products, it may continue the use of the Licensed Intellectual Property associated with the inventory for this period. Outside the scope of its efforts to sell its inventory of Licensed Products, Stelor must immediately cease use of the Licensed Intellectual Property, including names, trademarks, signs, advertising and anything else that might make it appear that it is still handling the articles and products of Mr. Silver. Further, Stelor must return to Mr. Silvers all material relating to the Licensed Intellectual Property and inform its sub-licensees of the termination of the License Agreement.

    Because the License Agreement is terminated, Stelor may not proceed to represent the interests of Mr. Silvers in TTAB Opposition Proceeding No. 91161251, TTAB Cancellation Proceeding No. 92043496, the domain dispute against Google pending before the National

Steven A. Esrig
Page 2

Arbitration Forum, or participate in TTAB Cancellation Proceeding No. 92043737. And, because the License Agreement is terminated, the action pending in federal district court is now moot. Thus, we will file the appropriate notices in these proceedings.

Our client regrets that this relationship did not work out, and would like very much to keep the relationship amicable throughout the six month inventory sell-off period.

Sincerely,

Gail A. McQuilkin

c:  Steven A. Silvers
    Laurence Hefter
    Yano A. Rubinstein
    William Borchard

/248587.1